HERMAN KRAHN v. J. L. OWENS COMPANY AND OTHERS.[1]

February 9, 1917.

Nos. 20,072—(213).

**Judgment — motion for new trial of issue after judgment — newly discovered evidence.**

1. To authorize a court of equity upon the ground of newly discovered evidence to relieve a party from a judgment and to grant a retrial of an issue presented by the pleadings and litigated on the trial of the action in which the judgment was rendered, long after the rendition of the judgment and after the expiration of the time fixed by statute for a motion for a new trial, the showing of newly discovered evidence must be clear and specific, free from hearsay, and not left to doubt or conjecture, and be of a character to justify the conclusion that manifest injustice will result if the relief be not granted.

**Same — affidavits insufficient.**

2. The showing in this case, outlined in the opinion, is *held* insufficient to justify the relief.

**Sham answer.**

3. The answer alleging such new evidence and seeking a retrial of the issue so formerly litigated *held* properly stricken out as sham and frivolous.

Action in the district court for Hennepin county. The facts are stated in the opinion. Plaintiff's motion to strike out portions of the joint and

[1]Reported in 161 N. W. 257.

several answers of defendants and then for judgment upon the pleadings as for want of an answer, was heard by Dickinson, J., who granted it and ordered judgment in favor of plaintiff for $6,500. From the order granting the motion, defendant J. L. Owens Company appealed. Affirmed.

*Mansfield & Jones* and *Francis B. Hart,* for appellant.

*Cray & Eaton, Glicksman, Corrigan & Gold* and *Henry Mahoney,* for respondent.

BROWN, C. J.

Plaintiff recovered a judgment against defendant J. L. Owens Company, a corporation, for injuries alleged to have been occasioned by its negligence. The recovery was affirmed in this court. Krahn v. J. L. Owens Co. 125 Minn. 33, 145 N. W. 626, 51 L.R.A.(N.S.) 650. Thereafter, on June 26, 1914, defendant paid a part of the judgment, and made and delivered to plaintiff its promissory note for the balance thereof, namely, $7,150, and the judgment was formally satisfied of record. Defendants J. J., O. L. and R. L. Owens, indorsed the note before the delivery thereof to plaintiff, and the corporation duly executed a mortgage upon real estate owned by it to secure the payment of the same. The note was due in December, 1914. It was not paid, and this action was brought in March, 1916, to recover the amount due thereon and for a foreclosure of the mortgage securing the payment thereof. Defendants answered and among other things interposed a plea to the equity side of the court for a retrial of the issue of negligence involved in the other action, upon the ground of newly discovered evidence, and for relief from further obligation to plaintiff on account of the former recovery. The answer alleges in this behalf that some time in the fall of 1915 it came to the knowledge of defendants, from reliable sources and from persons competent to testify to the facts, that plaintiff's injury was not attributable at all to the negligence charged by plaintiff in the other action, and that the real cause of his injury was a matter over which defendants had no control whatever. The answer further alleges that defendant made diligent efforts to ascertain the facts involved in the action prior to the trial thereof, and of all witnesses whose evidence would be material to the issue of negligence charged therein, and was unable to

discover the evidence which so came to its knowledge in the fall of 1915. Defendants further allege that the newly discovered evidence would, if produced and presented to the court, fully exonerate it from liability, and that in equity and good conscience relief from further liability should be granted.

Plaintiff moved upon affidavits to strike out the allegations of the answer as sham and frivolous. The motion was granted and defendant appealed.

If it be conceded that a court of equity has the power to grant relief upon facts like those here presented, and upon the ground of newly discovered evidence order the retrial of an issue involved and litigated in another action between the same parties, several years after the judgment therein has been paid and satisfied, we are clear that the showing here made is wholly insufficient to authorize it.

The former action was commenced in September, 1911. A trial thereof was had in March, 1912, resulting in a disagreement of the jury. A second trial occurred in February, 1913. The appeal to this court was perfected in August, 1913, and the order appealed from was affirmed in February, 1914. The issue of negligence was the same on both trials. The settlement of the recovery and satisfaction of the judgment was had as heretofore stated. The motion to strike out the answer challenged its allegations as sham and frivolous, and it appeared from the showing in support of the motion, *prima facie* at least, that the answer was interposed for the purpose of delay and that the allegations thereof as to the discovery of new evidence were not true. Defendants were in the position of appealing to the conscience of the court to prevent an alleged injustice and it was incumbent upon them in order to secure the relief to present a case reasonably free from doubt. Van Loon v. Griffin, 34 Minn. 444, 26 N. W. 601. The burden was upon them to bring forward some evidence of the truth of the allegations of the answer and to make a showing equivalent to, if not stronger than, what would be necessary to support a motion in a court of law for a new trial upon the same ground. Relief of this kind is granted in equity only when it appears clearly that manifest injustice will follow if the relief be withheld. Upton v. Merriman, 116 Minn. 358, 133 N. W. 977, Ann. Cas. 1913B, 491; Ross v. Banta, 140 Ind. 120, 34 N. E. 865, 39 N. E. 732; Houston v. Smith,

6 Ired. Eq. (N. C.) 264; Floyd v. Jayne, 6 John. Ch. 479; 11 Enc. Pl. & Pr. 1168, et seq. The mere general allegations of the discovery of new evidence, and of its materiality, unsupported by affidavits showing the nature, character and importance of the same will not justify the relief. The showing must be clear and specific. 2 Dunnell, Minn. Dig. § 7131. The only showing in the case at bar is contained in two affidavits; one by R. L. Owens, an officer of the corporation, and one by defendants' attorney. In the Owens affidavit it is stated that in October, 1915, "an acquaintance informed him (Owens) of his having been in the state of Wisconsin in the vicinity where [plaintiff] resides, and that he there learned for the first time of the judgment which had been obtained by [plaintiff] against the J. L. Owens Company, and was also informed that said judgment was in fact unjust, and that the real facts and facts which would exonerate the J. L. Owens Company from liability were not brought out at the trial. He informed affiant substantially of the facts set out in the counterclaim (defendants' answer herein) as to how the accident happened and that the J. L. Owens Company was in no manner responsible for the happening [thereof]. He gave the names of persons with whom he conversed while in Wisconsin who claimed to have knowledge of the matters whereof they spoke, and that he obtained his information from them." Who this acquaintance was is not stated, nor are the names of the persons from whom he gained this valuable information given or otherwise identified. What they said to the friend of Owens and what the friend in turn informed Owens as here presented is embodied in hearsay and conclusions, and is not such evidence as will move a court of equity to action. The affidavit further proceeds with the statement that affiant sent a representative to Wisconsin to verify the information so acquired, to interview the witnesses and ascertain whether it could be established on a retrial of the issue; that the representative returned from the trip and made a satisfactory report, from which affiant believes the facts alleged in the answer can be established. The names of the witnesses interviewed by the representative are not given, nor is there any statement of what fact they or any of them would testify to if sworn as witnesses in the case. This part of the affidavit is also hearsay, and informs the court of no material item of

testimony which would justify granting the unusual relief here applied for.

The information given to Owens by the acquaintance referred to in his affidavit was promptly communicated to defendants' attorney, upon which the attorney gave defendants some legal advice, the nature of which is not here important, but no steps were taken to secure relief until the answer was interposed in this action, some six months after the discovery. The excuse for the delay is not substantial.

The showing in support of the answer was insufficient. If the facts stated had been presented to the law side of the court on a motion for a new trial upon the ground of newly discovered evidence it would necessarily have been promptly denied. Keough v. McNitt, 6 Minn. 357 (513); 1 Notes on Minn. Reports, 216; State v. Fay, 88 Minn. 269, 92 N. W. 978; 2 Dunnell, Minn. Dig. § 7131. A showing that would not stand the test in a court of law, where the court is vested with large discretionary power in such cases, surely must fall when presented to a court of equity. The answer was properly stricken out as both sham and frivolous. State v. Weber, 96 Minn. 422, 105 N. W. 105, 113 Am. St. 630. G. S. 1913, § 7910, providing for relief from judgments procured by fraud and perjury, does not apply.

Order affirmed.