HERMAN KRAHN v. J. L. OWENS COMPANY AND OTHERS.[1]

November 23, 1917.

No. 20,586.

**Judgment — vacating because of newly discovered evidence — equity.**

Courts exercise great caution in granting new trials on the ground of newly discovered evidence. They exercise still greater caution in annulling a judgment on that ground when relief is sought in a separate action after the time for motion for a new trial has expired. Relief of this kind is granted in equity only when it appears clearly that manifest injustice will follow if the relief be withheld. The pleadings and affidavits in this case do not contain sufficient showing for vacation of a former judgment on this ground.

After the former appeal, reported in 136 Minn. 53, 161 N. W. 257, defendant obtained an order requiring plaintiff to show cause why defendant's motion to vacate an order striking out defendant's answer

1Reported in 165 N. W. 129.

should not be granted. The motion was heard by Dickinson, J. From an order denying its motion, defendant appealed. Affirmed.

*Francis B. Hart,* for appellant.

*Cary & Eaton, Glicksman, Corrigan & Gold* and *Henry Mahoney,* for respondent.

HALLAM, J.

More than five years after the cause of action arose, three years after the case was tried, nearly three years after a motion for a new trial had been made and denied, more than two years after the order was affirmed on appeal, nearly two years after judgment was satisfied by payment, partly in cash and partly by a note and mortgage, and in this action brought to foreclose that mortgage, the defendant interposed an answer, asking that it be permitted to litigate anew the issues closed these years ago and asking that the court enjoin the enforcement of the note and mortgage and adjudge the repayment of the money paid on the judgment because, it is said, defendant has discovered new facts material to a defense of the case. Plaintiff moved on affidavits that the answer be stricken out as sham and frivolous. The court by order granted the motion. Defendant appealed and the order was affirmed. Krahn v. J. L. Owens Co. 136 Minn. 53, 161 N. W. 257. Thereafter defendant, having obtained leave, moved on additional affidavits for a vacation of the former order striking out the answer. The court denied this motion and defendant appeals.

It is the purpose of our judicial system to give every man his day in court, to afford him a full and fair opportunity to prepare and present his case, and to the end that mistakes may be corrected, ample opportunity is afforded for a review, first by the trial judge, and later by the appellate court, and, if the ends of justice require it, another trial de novo is allowed. These safeguards are important. It is, however, of equal importance that litigation should proceed expeditiously and that parties should understand that, after they have had a fair chance to present their case, the litigation must be considered closed.

One of the grounds for granting a new trial is, "material evidence newly discovered which with reasonable diligence could not have been found and produced at the trial." G. S. 1913, § 7828. Courts are

justly cautious in granting new trials on this ground. If the new evidence is doubtful in character, not so material as to make probable a different result on a new trial, or merely cumulative or impeaching, relief will be denied, nor will relief be granted, even though very material facts have been brought to light, if they could, by the exercise of proper diligence, have been discovered and presented on the first trial.

After the time for moving for a new trial has expired, a party may, under some circumstances, in a separate action, attack a judgment because new facts have been discovered since its rendition. Plainly still greater caution must be exercised here, for if a defeated party is permitted to open up an adverse judgment whenever his own belated industry or the superior industry of a second attorney discovers facts that would have been of avail on the trial, there would be no certainty to judicial decrees and no end to litigation. "Relief of this kind is granted in equity only when it appears clearly that manifest injustice will follow if the relief be withheld." Krahn v. J. L. Owens Co. 136 Minn. 55, 161 N. W. 257.

The original action was in negligence to recover damages for loss of a leg caused by stepping through a defective removable board on the top of a pea thresher manufactured by defendant. The board was cross-grained and defective. It was claimed in defense that this defect did not cause it to break, but that the board was not in proper position and for this reason slipped off its bearing at one end. This question was fully litigated and the jury found that the board was in place.

Two cleats had been upon this board to hold it in place. The testimony on the former trial was that these cleats were on at the time of the accident. The board was produced on the trial with no cleats on. Plaintiff's witnesses explained this by saying they were taken off after the accident and nailed onto a new board that was substituted in place of the old one. The proposed new evidence relates mainly to this matter. Some is evidence hoped to be elicited from unfriendly witnesses on cross-examination; some consists of reported statements of eye-witnesses who refused to make affidavits; some consists of evidence of witnesses who simply have no recollection of seeing the cleats and believe they were off at the time of the accident; some is evidence that the cleats on the new board were not the same as those on the old one. Some consists

of the opinions of witnesses who think a cleat could not be used again after once taken off, and some, the testimony of witnesses who tried experiments to demonstrate that this could not be done.

The presence or absence of the cleats had only an indirect bearing on the issues. Their absence at the time of the accident would merely explain defendant's theory that the board slipped. Whether they could be used again after being taken off was quite inconsequential, save that it might have had some bearing on the truth of the explanation of plaintiff's witnesses as to why they were taken off. The proposed evidence, taken all together, is far from decisive of any issue in the case. The main issues to which this proposed evidence relates were fully litigated. All of the proposed evidence might have been obtained on the two trials already had, if defendant and its attorneys had then exercised the same industry as they have exercised these years after the trial. The court should not at this late day vacate the judgment in order to allow defendant another trial upon which to further develop its defense.

Order affirmed.