### FRANK ZEGLIN v. F. J. YOST.[1]

May 15, 1925.

No. 24,615.

**Rehearing before Industrial Commission.**
   The Industrial Commission acted within the discretion conferred upon it by the statute in refusing to grant a rehearing.

   1. See Workmen's Compensation Acts, C. J. p. 117, § 115 (1926 Anno).

Upon the relation of Frank Zeglin the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order in a proceeding under the Workmen's Compensation Act brought by relator, employe, against F. J. Yost, employer, and

[1]Reported in 203 N. W. 963.

Hartford Accident & Indemnity Company, insurer. Affirmed.

*Bissell & McGinley* and *John Ott*, for relator.

*Ernest E. Watson*, for respondents.

TAYLOR, C.

The claimant met with an accident on June 15, 1923, in which two ribs and his right clavicle were fractured. His employer carried insurance covering the liability imposed by the Workmen's Compensation Law. The insurer paid the prescribed compensation until December 8, 1923, and then, claiming that the disability had terminated, gave notice that no more payments would be made.

The claimant asserted that he was still disabled, and the Industrial Commission ordered a hearing which was held by a referee on February 8, 1924. At this hearing, the claimant presented the testimony of a physician who was an X-ray expert. He stated that one end of the broken clavicle was overriding the other, that he was unable to tell from his X-ray whether the ends of the clavicle had united, but that he had made an examination which showed that they had not. The insurer presented the testimony of three physicians including an X-ray expert. They all stated that there was a firm bony union formed by callus between the broken ends of the clavicle. They further stated that one end was overriding the other, but that this was not unusual in such cases and was not of a character to interfere with the normal functions of the shoulder and arm, and that no disability resulted from it. The referee found that the claimant was not entitled to further compensation, saying that the medical testimony convinced him, "that there was a perfect bony union in said right clavicle and that said employe was fully able to perform his usual work."

On June 23, 1924, the claimant filed a petition asking for another hearing, for the purpose of submitting further medical testimony. This petition was accompanied by the unsworn statements or reports of four physicians. Two of them say that the clavicle had not united. Their examinations were apparently made before the hearing of February 8, but it seems that the claimant did not inform his attorney of these examinations until after the decision had been

made. The other two physicians performed an operation on the claimant in June, 1924. They say that their examination made before the operation disclosed that one end of the bone pressed upon the brachial plexus and blood vessels causing numbness and swelling in the arm and hand, and that there had not been a complete or firm union of the clavicle, and further say, "that the operation confirmed our examination that he did not have firm union of the above mentioned fracture."

In August, 1924, the physicians called by the insurer again examined the claimant and made an unsworn report in which they again say that the ends of the clavicle had been united by a firm bony union, but further say that in the operation the callus was removed and the ends of the bone eburnated, and that there is now no union and owing to the eburnated condition of the bone will be none until another operation is performed. They say further, "We believe that had he not been operated upon he would have had a perfectly useful, functional shoulder."

The Industrial Commission denied a rehearing and it is this ruling which we are asked to review.

Section 4319, G. S. 1923, provides that at any time before the award has been reduced to judgment or a writ of certiorari has issed to review it the commission may grant a new hearing for cause. Under the statute, granting a rehearing or a new hearing rests in the discretion of the commission. Stippel v. Charles Friend & Son, 161 Minn. 471, 201 N. W. 934; State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825.

There may be cases in which this court would be justified in holding that the commission had abused its discretion and acted arbitrarily in refusing a rehearing, but we cannot so hold in a case where the evidence is as conflicting as that here presented.

Order affirmed.