## P. FREDERICKSON v. BURNS LUMBER COMPANY AND ANOTHER.[1]

February 19, 1926.

No. 25,163.

**Effect of remanding proceeding to Industrial Commission for rehearing—It may hear new evidence.**

> The remanding of a proceeding to the Industrial Commission for rehearing on the merits does not require a trial de novo nor the resubmission of the evidence already in. The proceeding stands before the commission on appeal from the order of the referee. Under section 4315, G. S. 1923, the commission "may hear other evidence" than that received before the referee. In that respect, it has a discretion which in this proceeding it has not been asked to exercise.

Workmen's Compensation Acts, C. J. p. 125 n. 69 New.

On the former appeal the proceeding under the Workmen's Compensation Act was remanded for a rehearing by the Industrial Commission on the merits. The proceedings before that commission are narrated at the beginning of the opinion. Relator obtained from the supreme court a writ of certiorari to review the action of the commission. Writ quashed.

*George H. Gerlich* and *Frederic A. Pike,* for relator.

*Denegre, McDermott, Stearns & Weeks, Clifford L. Hilton,* Attorney General, and *Ernest C. Carman,* Assistant Attorney General, for respondents.

STONE, J.

For the second time this proceeding is before us on certiorari to the Industrial Commission, the former opinion appearing in 163 Minn. 394, 204 N. W. 161. For the reasons stated there we remanded the proceeding for rehearing on the merits. That took it back, not to the referee for a trial de novo, but to the Industrial

[1]Reported in 207 N. W. 499.

Commission. There was no necessity for receiving again the evidence already in. But counsel for relator insisted at the outset upon a trial de novo. He was advised that the commission would not listen again to the old evidence, but that it would consider an application to take additional evidence. Thereupon, the hearing was continued to permit the relator to take such steps as he might be advised. Instead of applying for leave to submit additional evidence and indicating the character of that to be offered, relator moved for leave to file an amended claim petition. That moton was denied upon the ground that the original claim petition was sufficient to present all disabilities which the employe may "have suffered or claimed to have suffered as a result of the accident." Without further application for leave to offer new testimony, or any offer of proof, relator's case was concluded. Thereupon an award of compensation was made for the hernia, considered in the former opinion, and its compensable results, but no allowance was made for an injury to relator's hands, which it is now claimed he suffered.

There is really nothing to review. Relator cannot complain because his case was not tried de novo. The rehearing on the merits, ordered by our first decision, did not require the commission to hear anew the old evidence. Under the statute (section 4315, G. S. 1923), it had a discretion with respect to the new evidence to be received. Relator never properly invoked an exercise of that discretion, as he might have done and was given the opportunity to do, by a proper application to the commission.

Writ quashed.