MARY HENDERSON v. GEORGE S. HENDERSON AND ANOTHER.[1]

May 14, 1926.

No. 25,053.

**Denial of application sustained.**
Denial of application for amended findings or new hearing within discretion of Industrial Commission. [Reporter.]

Certiorari directed to the Industrial Commission to review proceedings under the Workmen's Compensation Act denying application for amended findings and award or a new hearing. Affirmed.

*Francis Muekel,* for relator.
*Geoffrey P. Mahoney,* for insurer respondent.

PER CURIAM.
Certiorari to the Industrial Commission. The only reviewable question presented by the record is whether the commission abused its discretion in denying an application for amended findings or a new hearing.

In October, 1923, Henry Henderson, a minor, filed a petition under the Workmen's Compensation Law against his father as employer and the U. S. Casualty Company as insurer of his employer for compensation for injuries sustained. The employer admitted liability. The insurer admitted issuing a policy of insurance to the employer but asserted that the policy had been canceled prior to the accident. The referee awarded compensation against the employer, but found that the policy of insurance had been duly canceled and dismissed the proceeding as to the insurer. No appeal was taken from this decision.

Something over a year later the employe's mother, in her capacity as guardian, made the application in question in which she asked for amended findings or for a hearing de novo. The time to appeal from the original decision had expired long before this application. While newly discovered evidence was assigned as a ground for a new hearing, there is no showing that any facts not known at the time of the original hearing have been discovered since that hearing. Denying the application was clearly within the discretionary power of the commission and its order must be and is affirmed.

[1]Reported in 209 N. W. 39.