## OSCAR L. SMITH v. INDEPENDENT SILO COMPANY AND OTHERS.[1]

November 5, 1926.

No. 25,537.

**Opportunity for rehearing before Industrial Commission waived by claimant.**
Upon the facts stated in the opinion it is *held*:

(1) That whether a claimant shall have a rehearing before the Industrial Commission rests in its discretion; and,

(2) That the commission did not abuse such discretion in denying a rehearing.

(3) Failing to take advantage of an opportunity to be heard and make argument after an adverse decision, claimant cannot 11 months later urge want of notice of original hearing as a ground for rehearing.

Workmen's Compensation Acts, C. J. p. 117 n. 58 New.

Certiorari to review an order of the Industrial Commission disallowing compensation in a proceeding brought under the Workmen's Compensation Act. Affirmed.

*John I. Levin*, for relator.

*Lancaster, Simpson, Junell & Dorsey* and *Geoffrey P. Mahoney*, for respondents.

WILSON, C. J.

Relator was employed by the Independent Silo Company. He was injured on December 26, 1923. The Ocean Accident & Guaranty Company, the insurer at that time, paid compensation for a short period after the injury. On April 29, 1924, relator was again injured. The U. S. Casualty Company, being the insurer at that time, paid him compensation for a period of 16 weeks. The employe suffered pain in the region of the back from the first injury and experienced a sacro iliac strain from the second injury.

[1]Reported in 210 N. W. 624.

Relator filed a claim petition with the Industrial Commission on October 4, 1924, to recover further compensation on the ground that he was still disabled. This claim was heard before a referee who found against relator. He appealed to the commission which, on March 17, 1925, affirmed the findings of the referee. The evidence disclosed an abnormality of the left ilium on the outer side of the brim in the nature of a bony tumor. The testimony of the employer and insurer was to the effect that the bony tumor was not attributable to the accident. This contention was not controverted by relator, there being no evidence tending to show that the accident in any way involved it.

By inadvertence relator's counsel was not notified that the Industrial Commission would hear the appeal on March 17, 1925. The commission notified relator's counsel by letter on March 19, 1925, advising that appellant's brief had been considered and that the proceedings were irregular for want of notice, and that if he insisted upon notice of hearing and an opportunity to argue the same the matter would be reopened and reset for hearing. No reply or action was taken in answer to this letter.

On February 19, 1926, relator petitioned the Industrial Commission for a rehearing upon the ground of newly discovered evidence and because of the failure to give notice of the hearing. The petition presented affidavits of two physicians and surgeons who had performed an operation on relator in September, 1925, and removed the bony tumor stating that in their opinion the tumor was due to the sacro iliac strain. A hearing was had upon this application and counsel for all parties were heard and the petition was denied on March 3, 1926. The matter is now here on a writ of certiorari issued to the Industrial Commission.

The question as to whether the relator was to have a new hearing rested in the discretion of the commission. Zeglin v. Yost, 163 Minn. 264, 203 N. W. 963. The newly discovered evidence was cumulative. Relator had an opportunity to litigate the claim as to the bony tumor. He had his day in court. It is not an abuse of discretion to say under the circumstances that that was sufficient. Krahn v. J. L. Owens Co. 138 Minn. 374, 165 N. W. 129.

The point urged that relator was not notified of the hearing in March is of minor importance. He did not avail himself of the opportunity of being heard after he was advised by the commission that the privilege would be extended to him. He is in no position to complain. His brief was considered. The delay in raising this question leads to the conclusion that it was not and could not have been seriously considered by the relator.

Affirmed.