### EDWARD OGROSKY v. COMMONWEALTH ELECTRIC COMPANY AND ANOTHER.[1]

June 24, 1927.

No. 26,096.

**No abuse of discretion in refusing employe a rehearing after the award.**
    Whether an employe is entitled to a rehearing (under G. S. 1923, § 4319) after an award, rests in the discretion of the industrial commission. In the instant case there was no abuse of discretion.

Workmen's Compensation Acts—C. J. p. 108 n. 92; p. 117 n. 58 New.

Certiorari to review an order of the industrial commission denying relator a rehearing after a lump sum settlement approved by

[1]Reported in 214 N. W. 765.

the commission in a proceeding under the workmen's compensation act. Affirmed.

*Masek & Levy*, for relator.

*Denegre, McDermott, Stearns & Stone*, for respondents.

WILSON, C. J.

Upon a writ of certiorari we are asked to review an order of the industrial commission denying the relator a rehearing after a lump sum settlement approved by the commission.

The relator, an employe, was injured August 27, 1921, by contact with high tension electric wires. Compensation was paid to October 10, 1921, when he returned to his work. On December 1, 1921, he submitted to an operation for the removal of a diseased gall bladder. About February 27, 1922, he made complaint to the commission and on March 17, 1922, a claim petition was filed and issue framed by an answer of the employer and insurer. A stipulation of settlement for $500 was approved by the commission April 25, 1922.

On June 12, 1924, a petition for rehearing was filed. On July 3, 1924, the employer and insurer filed an answer thereto. No action was taken to have the order of September 15, 1924, denying the petition reviewed. About August 1, 1926, relator again petitioned the commission for a rehearing and was heard on October 25, 1926. The petition alleged the historical facts and showed that the employe had gradually grown worse and was in a critical condition and wholly incapacitated for work. Affidavits of three physicians attributed his condition to the injury. The respondents denied that the injury caused the present condition of the employe. The order of December 8, 1926, denying the application is before us.

The compromise settlement with the approval of the commission was the equivalent of an award. When this application was presented and denied no judgment had been entered, under G. S. 1923, § 4318, nor had any writ of certiorari been issued by this court. Whether the rehearing should have been granted rested in the discretion of the commission. G. S. 1923, § 4319. Stippel v. Charles

Friend & Son, 161 Minn. 471, 201 N. W. 934; Zeglin v. Yost, 163 Minn. 264, 203 N. W. 963; Frederickson v. Burns Lbr. Co. 166 Minn. 212, 207 N. W. 499; Henderson v. Henderson, 167 Minn. 518, 209 N. W. 39; Smith v. Independent Silo Co. 169 Minn. 96, 210 N. W. 624. The mere fact that we might have decided to the contrary does not mean that there has been an abuse of discretion on the part of the commission. Unless there has been a clear abuse of discretion we cannot disturb the order. In the absence of something to indicate that a discretionary power has been exercised arbitrarily, capriciously, or contrary to legal usage, we are bound by the result. So long as such discretion is exercised judicially the result is beyond our reach. Its exercise depends not upon the application of rules of law but upon personal judgment. The order of the commission must stand.

Affirmed.