## MIKE DOTLICH v. SHENANGO FURNACE COMPANY.[1]

October 28, 1927.

No. 26,296.

**Rehearing before industrial commission.**

Grant of rehearing before industrial commission was within its discretion, with which this court will not interfere. [Reporter.]

Workmen's Compensation Acts—C. J. p. 117 n. 58 New; p. 124 n. 61.

Certiorari to review an order of the industrial commission denying relator's application for a rehearing of his petition for compensation. Writ discharged.

*Peter E. Kamuchey,* for relator.

*Washburn, Bailey & Mitchell,* for respondent.

PER CURIAM.

Certiorari to review an order of the industrial commission refusing relator's application for a rehearing of his petition for compensation.

On December 29, 1925, relator was in the employ of respondent as a miner at a weekly wage of $37.50. During the forenoon of that day, while engaged with a fellow servant in placing a timber, in the usual course of his employment, the relator claims to have received an injury to his back. In April, 1926, relator filed a petition with the commission for compensation. Issue was joined and the matter heard before a referee, and findings denying compensation were filed on September 7, 1926. An appeal was taken to the commission, where the order and findings of the referee were affirmed. Subsequently the relator made application to the commission for an order for a new hearing upon the petition, which application was denied. The application was submitted to the commission upon all the records and files in the proceeding and upon several affidavits.

[1] Reported in 216 N. W. 242.

A reading of the record and affidavits makes it clear that the granting of a rehearing rested in the discretion of the commission, with which this court cannot interfere. Kallgren v. C. W. Lunquist Co. supra,₀ p. 489.

Writ discharged.