## CHARLES J. KALLGREN v. C. W. LUNQUIST COMPANY AND ANOTHER.[1]

October 28, 1927.

No. 26,279.

**Sunstroke.**

1. Sunstroke may constitute an accident within the workmen's compensation act.

**Rehearing before industrial commission.**

2. Application to the industrial commission for a rehearing rests in its discretion.

[1] Reported in 216 N. W. 241.

Apoplexy.

3. Apoplexy in an employe suffering from arteriosclerosis, due in part to an increased blood pressure caused from heavy lifting in his work, is an accident within the workmen's compensation act.

Procedure before industrial commission.

4. The industrial commission is not bound by rules of evidence nor by technical or formal rules of pleading or procedure.

Workmen's Compensation Acts—C. J. p. 64 n. 10; p. 69 n. 46; p. 106 n. 43; p. 114 n. 10 New; p. 115 n. 32; p. 117 n. 58 New; p. 123 n. 41.

Certiorari to review an order of the industrial commission denying compensation. Remanded with directions.

*William M. Nash, Chester L. Nichols, R. W. Peterson,* and *G. H. Smith,* for relator.

*Ernest E. Watson,* for respondents.

WILSON, C. J.

Certiorari to the industrial commission to review an order denying compensation.

On July 8, 1926, employe, a carpenter, was working for employer-respondent on the third floor of an open building under construction in Minneapolis. The day was hot and cloudy, the temperature being 82 and the humidity 56. There was a south wind. The second floor was already constructed, and the work involved the construction of the third floor. Relator was engaged in placing a beam when he collapsed and was taken to a hospital.

The doctors called by the employe diagnosed the attack as cerebral hemorrhage due to heat prostration resulting in partial paralysis. The doctors called by respondents attributed the condition to arteriosclerosis ending in a stroke of apoplexy.

Disability is not disputed. If the cause thereof is sunstroke or heat stroke due to conditions to which the employment subjects the employe, it may constitute an accident within the compensation act. State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; Glassman v. Radke, 152 Minn. 253, 188 N. W.

286; Young v. Melrose Granite Co. 152 Minn. 512, 189 N. W. 426, 29 A. L. R. 506; Babich v. Oliver I. M. Co. 157 Minn. 122, 195 N. W. 784; see Klika v. Independent School Dist. 161 Minn. 461, 202 N. W. 30; Young v. Western F. & M. Co. 101 Neb. 696, 164 N. W. 712, L. R. A. 1918B, 1001. The claim petition is based upon a sunstroke. Upon this vital issue there was conflicting testimony, and the commission could have found either way. Its finding must therefore stand. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Brokmeier v. Lamb, 170 Minn. 143, 212 N. W. 187.

Just prior to the collapse the employe had helped another man carry a heavy beam up ladders from the second floor to be placed in the third floor. The testimony as to this is meager. The doctors for respondents, however, disclosed this in their statement of the historical facts which they had learned from the employe. Upon cross-examination one of these doctors testified: "The fact [that] the man was carrying a heavy beam, I would say, had some relation to his apoplexy. If he had high blood pressure, I believe carrying a heavy beam would raise it somewhat higher * * * `If a man had arteriosclerosis and high blood pressure and he lifted a heavy weight, I should think that lifting that weight would in some way, might in some way contribute to his apoplexy, because it would certainly raise the blood pressure somewhat." This doctor says that the sclerotic condition was the chief factor. This testimony was given at the very last of the hearing and is found on the last three pages of the transcript.

The referee filed his decision December 29, 1926. An appeal to the industrial commission was made on January 21, 1927. On March 21, 1927, counsel for employe made application for a rehearing for the purpose of putting in additional testimony. The applicant stated that counsel had never been informed of plaintiff's lifting the heavy beam just before collapsing nor that employe had arteriosclerosis until the hearing, and it was stated that prior to the hearing the employe was in such mental condition that it was very difficult to get any information from him and that he answered questions slowly and volunteered very little information. The veri-

fied petition seeking the opportunity of offering further evidence was denied.

The rule is well established that such applications rest in the discretion of the commission. Zeglin v. Yost, 163 Minn. 264, 203 N. W. 963; Henderson v. Henderson, 167 Minn. 518, 209 N. W. 39; Smith v. Independent Silo Co. 169 Minn. 96, 210 N. W. 624; Ogrosky v. Commonwealth Elec. Co. supra, p. 46. The application merely sought an opportunity to prove the dimensions and weight of the beam and the circumstances under which the employe lifted it. So limited, the application was not important.

The petition bases the claim solely upon sunstroke. It cannot be successfully urged that the employe limited his right to recovery because the commission or its referee is not bound by rules of evidence nor by technical or formal rules of pleading or procedure. G. S. 1923, § 4313. It was intended that a workman suffering an accident in his work should receive a definite compensation, and that he must not be turned away if he perchance fails to properly diagnose his infirmity or the nature of his injury.

The record discloses evidence which would support a finding that the employe was suffering from arteriosclerosis, which carries with it a high blood pressure, and that because of lifting, in his work, a heavy beam just before his collapse, he increased his high blood pressure, which contributed to a stroke of apoplexy. If so, it would constitute an accident and would be compensable. LaVeck v. Parke, Davis & Co. 190 Mich. 604, 157 N. W. 72, L. R. A. 1916D, 1277; Schroetke v. Jackson-Church Co. 193 Mich. 616, 160 N. W. 383, L. R. A. 1917D, 64; St. Clair v. A. H. Meyer Music House, 211 Mich. 285, 178 N. W. 705; Lesko v. Lehigh Valley Coal Co. 270 Pa. 15, 112 A. 768; Manning v. Pomerene, 101 Neb. 127, 162 N. W. 492.

The record does not affirmatively show that the referee or the commission passed upon this question. It came into the case incidentally, and perhaps accidentally, but that does not diminish its importance. It may be that the decision is based solely upon the claim as specified in the petition. The matter is of such importance that the case is remanded with directions to the commission

to refer this question to a referee to make a definite finding thereon from the record and such additional evidence as each of the parties may wish to offer in reference thereto.

Remanded.