MIKE DELICH v. THOMPSON-STARRET COMPANY.[1]

July 6, 1928.

No. 26,704.

Certiorari to review denial of rehearing.

Denial of rehearing after award by industrial commission, which rests in its sound discretion, will not be disturbed by this court when ultimate question of fact was sustained by ample evidence.   [Reporter]

Workmen's Compensation Acts—C. J. p. 117 n. 58; p. 122 n. 40.

———————

See note in L. R. A. 1916A, 178, 266; L. R. A. 1917D, 188; 30 A. L. R.
    1277; 28 R. C. L. 829; 3 R. C. L. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L.
    Supp. 1581; 7 R. C. L. Supp. 1011.

Certiorari to review an order of the industrial commission denying relator a third rehearing on his claim for injuries received while in the employ of the defendant.   Affirmed.

*F. M. Ridgway,* for relator.
*Lucius N. Foster,* for respondent.

PER CURIAM.

Certiorari to the industrial commission to review its order denying a rehearing.

Relator was injured on June 14, 1921, while employed by respondent. The accident arose out of and in the course of the employment, and liability was not denied.   Relator received weekly compensation until the 14th day of December, 1922, at which time there was a final settlement and adjustment made by the payment of the sum of $533.21 pursuant to an award of the commission based upon a stipulation of attorneys for both parties.

The progress of this case as recited in relator's brief follows:   A hearing was had and testimony taken by a referee on November 28, 1921.   On February 16, 1922, by order of the industrial commission, a rehearing was had before another referee, and on March 8, 1922, said referee made and filed findings of fact and conclusions of law and an order disallowing further compensation.   On April 12, 1922, pursuant to a petition therefor, another rehearing was ordered and the matter then referred to referee

[1]Reported in 220 N. W. 408.

Allbright and a hearing had on July 11, 1922. On August 9, 1922, the referee awarded further compensation from December 31, 1921, to December 6, 1922, at 50 per cent of total disability. An appeal from these findings was taken to the commission, and pursuant thereto the settlement above referred to was had.

On June 2, 1923, relator served and filed with the commission another petition for rehearing, which was denied on June 11, 1923. In April, 1926, a further petition for a rehearing was made which was denied on April 15, 1926. On December 5, 1927, a still further petition for rehearing was filed with the commission, and this too was denied.

It appears that there have been three full hearings before referees and two full considerations of the case on appeal before the commission, and that numerous applications for rehearing have been denied by the commission. A large amount of evidence was introduced at the hearings; expert medical testimony offered on both sides. At one of the hearings a physician of recognized standing was called by the referee. There was also testimony by a neutral physician of high repute who had been selected for that purpose by the stipulation of both parties.

Although there was conflicting evidence, the preponderance was manifestly in favor of respondent. Be that as it may, however, the ultimate question of fact was for the determination of the commission. There was ample evidence to support its conclusions. We cannot disturb the result thus reached. Then, too, under the authority of Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765, and cases cited, the question of granting a rehearing after an award rests in the sound discretion of the industrial commission. Considering the history and facts of this case, there is no possibility of this court's holding that there was an abuse of discretion.

Order affirmed.