## PETER FREDERICKSON v. BURNS LUMBER COMPANY AND OTHERS.[1]

November 23, 1928.

No. 26,905.

**How settlement in proceeding before industrial commission can be vacated for fraud.**

In a proceeding pending before the industrial commission the parties settled. The relator claims that the settlement was procured by fraud and brings an action in equity in the district court to vacate the settlement. It is *held* that the relator can obtain relief against the settlement, if procured by fraud, in the proceeding before the industrial commission, which is the only tribunal having jurisdiction to award him compensation; and that he cannot maintain an action in equity in the district court to set it aside.

Workmen's Compensation Acts—C. J. § 106 p. 108 n. 96.

Plaintiff appealed from an order of the district court for Ramsey county, Bechhoefer, J. sustaining a demurrer to his complaint. Affirmed.

*George H. Gerlich* and *F. A. Pike,* for appellant.
*Denegre, McDermott, Stearns, Stone & Mackey,* for respondents.

DIBELL, J.

Action in equity to set aside an agreement or stipulation of settlement entered into between the plaintiff and the defendants. A de-

[1]Reported in 221 N. W. 910.

murrer was sustained to the complaint, and the plaintiff appeals.

The plaintiff, Frederickson, was injured while in the employ of the defendant Burns Lumber Company. He was denied compensation by the industrial commission. On review we held him entitled to compensation and the case was remanded to the commission. Frederickson v. Burns Lbr. Co. 163 Minn. 394, 204 N. W. 161. Upon its return to the commission there was a disagreement as to the proper procedure. The plaintiff insisted upon a new trial, which the commission denied, but advised the relator that it would consider an application to take additional evidence. Upon certiorari we affirmed the commission. Frederickson v. Burns Lbr. Co. 166 Minn. 212, 207 N. W. 499.

Upon the return of the case to the commission after the first hearing in this court an allowance was made the plaintiff. He claimed an injury to his arm for which compensation was denied. Finally the parties entered into an agreement, after the second hearing in this court, entitled in the proceeding before the compensation board, and the plaintiff was given $1,500 in settlement. This instrument of release the relator claims was procured by fraud, and he brings this action to have it set aside.

The plaintiff and the defendants are subject to the provisions of the workmen's compensation act. G. S. 1923, §§ 4261-4337. Only in a proceeding before the board can the plaintiff get compensation for his injury. If any wrong was practiced he is entitled to relief in the first instance before the industrial commission in the pending proceeding. The granting of a rehearing by the industrial commission is largely discretionary and is reviewable by this court. Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765, and cases cited. Appropriate relief can be given by the commission. The defendants concede this to be so, saying in their brief, when referring to the commission:

"If in this case justice requires that the stipulation be set aside, it has full authority to do so. Not only that but after setting aside the award, it can go further and award the relief which should be awarded."

Whatever is done, either party is entitled to a review on certiorari by this court. There is no relief in equity in the district court.

Order affirmed.

STONE, J. took no part.