WATER-GRAND HOLDING COMPANY, Appellant, vs. MAJES-
TIC THEATRE COMPANY, Respondent.

*April 4—April 30, 1929.*

For the appellant there was a brief by *Poss, Toelle & Schuler,* attorneys, and *Benjamin Poss,* of counsel, all of Milwaukee, and oral argument by *Benjamin Poss.*

For the respondent there was a brief by *Shaw, Muskat & Sullivan* of Milwaukee, and oral argument by *Carl Muskat.*

Eschweiler, J.   It is deemed unnecessary to discuss the claims made by the respective parties as to the possible effect of their correspondence and conferences prior to the commencement of these proceedings in view of the conclusion that is reached as to the proper construction, under the facts, that should be given to the language of the lease which is here quoted:

"It is further covenanted and agreed between the parties hereto, that the lessee shall have the right at its sole expense (in so far as such right can be granted by the lessor), at all times during the term of this lease, to erect, maintain, and operate an electric vertical sign in front of the building of which the demised premises form a part, of substantially the dimensions and in substantially the location to be provided for in the said plans and specifications above referred to, and lessee shall have the right at its expense from time to time to remove such electric sign and erect, maintain, and operate a new or different electric sign, provided only that such new electric sign from time to time shall be located substantially in the same location, and be of substantially the same dimensions as the old sign."

That the right to erect and maintain a large electric light sign on the front of the building was of great value to a theatre tenant paying the large rent here required and occupying a substantial part of the entire building, is not and cannot be questioned.

In construing the above quoted vital portions of the lease granting this valuable right to the tenant, we have no difficulty in reaching the same conclusion which the trial court did, viz. that the substance and essence of this grant was and is that such sign was to be measured, so far as any right by the landlord to limit its size is concerned, by the size as designated and permitted by the plans of the building.   The plans were prepared for its original construction and were acceptable to and recognized as binding on both landlord and

tenant by the terms of the lease itself. The sign proposed to be erected by the defendant and against the erection of which the plaintiff obtained a temporary injunction with the commencement of this action, and sought in the court below and now seeks to have made permanent, was well within the maximum as to height and width permitted by the plan. We cannot construe the language of the lease, quoted above, in connection with any other of its provisions, and even conceding all the weight appellant claims should be given to the acts and statements of the parties prior to this litigation, so as to make, for all time, the maximum size of any permissible sign to be that of that sign which happened to be the first erected by the defendant under said lease. Especially should this be so when the size desired was always limited, as of necessity it must be, by law as well as by the lease itself, by the ordinances and regulations of the city.

Considering all the material parts of this lease, we are satisfied that it would be an unreasonable construction of the same to hold that the language at the end of the above quoted provisions, viz. "provided only that such new electric sign from time to time shall be located substantially in the same location and be of substantially the same dimensions as the old sign;" carried in a lease for such a long term as twenty-five years; with express and explicit recognition of the controlling effect to be given to city ordinances and regulations in such matters; with the possibility of constant changes in such regulations; and clearly recognizing by the phrases "substantially in the same location" and "substantially of the same dimensions," this basic idea of the plans refers to any other sign than a sign that would be permissible under the provisions of the agreed plans and specifications. The respondent lessee was therefore clearly entitled to the relief granted by the trial court.

*By the Court.*—Judgment affirmed.