CARL ROSENQUIST v. O'NEIL & PRESTON AND ANOTHER.[1]

November 25, 1932.

No. 29,079.

[1]Reported in 245 N. W. 621.

*Bundlie & Kelley,* for relators.
*Peter E. Kamuchey,* for respondent.

Stone, J.
Certiorari to the industrial commission.

May 26, 1927, petitioner suffered occupational injury. His expenses of treatment and hospitalization ($941.65) were paid by the insurer, as was also compensation. The latter continued to July 5, 1928, a period of 58 weeks, the total being $1,044. Asserting that the employe had fully recovered, the insurer then discontinued payments. Thereafter, but not until May 13, 1930, he filed a petition for additional compensation. It came on for hearing before the referee September 4, 1930. He adjourned the hearing and ordered hospitalization of petitioner for examination and observation. The result was negative. January 28, 1931, the referee denied the petition. His order was affirmed May 14, 1931, on appeal to the commission.

Again, September 1, 1931, the employe filed a petition for a new hearing, which was denied October 31, 1931. Once more, February 25, 1932, having retained new counsel, the employe asked for a rehearing, and this time his petition was granted. The matter is here on a writ of certiorari which brings that order up for review.

■ Relators challenge the power of the industrial commission to grant a rehearing where there is denial rather than award of compensation. They assert, correctly, that the commission has no power not granted by the statute creating it. The law, G. S. 1923 (1 Mason, 1927) § 4319, is that "at any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the commission may for cause, upon application of either party * * * set the award aside and grant a new hearing and thereon determine the matter on its merits." On the general question whether the commission has power to grant a rehearing where there is denial rather than "award" of compensation, we hold with respondent. It simply

cannot be that the legislature intended to allow defeated employer or insurer the right to petition for a rehearing and simultaneously deny equal right to defeated claimant. Such result would come so near absurdity that it must not be permitted, in the absence of language compelling it. We think that the word "award" in the statute is synonymous with "decision." So construed, either party is entitled to ask a rehearing in the circumstances stated. By reason of the language of § 4319, once an award has been reduced to judgment or there has been decision on certiorari here, there is an end of the matter unless we order further consideration by the industrial commission. Orcutt v. Trustees of Wesley M. E. Church, 174 Minn. 153, 218 N. W. 550; Johnson v. Pillsbury F. M. Co. 187 Minn. 362, 245 N. W. 619, where the industrial commission ordered a rehearing after a lump sum settlement. While the precise question has not been presented heretofore, the construction we now place upon § 4319 seems to have been much acquiesced in. Henderson v. Henderson, 167 Minn. 518, 209 N. W. 39; Dotlich v. Shenango Furnace Co. 172 Minn. 603, 216 N. W. 242.

Within limits, the jurisdiction of the industrial commission over a compensation case is continuing. Glassman v. Radtke, 177 Minn. 555, 225 N. W. 889. Its decisions ordinarily do not have the terminating and quieting effect of a judgment; so the subject matter is not res judicata. Carter v. Industrial Comm. 76 Utah, 520, 290 P. 776; Bartlett Hayward Co. v. Industrial Acc. Comm. 203 Cal. 522, 265 P. 195. But if there were no limit to that rule, there would be equally no end to the liability of employer and insurer, at least no procedure whereby it could be determined with finality that liability was at an end. That would be bad from the practical standpoint, because it would impose on compensation insurers great difficulty in establishing any dependable basis for calculation of premium charges. No employer going without insurance could know just how to set up the reserve needed to cover the risk. Doubtless because of that the legislature has included in our law the provisions of G. S. 1923, § 4295, as amended, 1 Mason, 1927, id. which we consider determinative. That section, unlike § 4319, does

not deal with all compensation issues in general, but only with the special one that arises where compensation is allowed, and for a time paid, and then it is asserted on the one hand, that the right to compensation has ceased and on the other that it has not. Following appropriate procedural provisions, the statute enacts that, after "hearing * * * and due consideration of all the evidence submitted, the commission * * * shall promptly enter an order or award for such further amount of compensation * * * as may be due and payable." But, the statute proceeds, "if upon investigation it shall appear that the right to compensation in any such case has terminated, the commission shall forthwith notify the employer in writing of such fact and the receipt of such notice by the employer shall operate to relieve him and the insurance carrier, as of the date when payment of compensation became suspended as provided by this section, from any further liability for payment of compensation in such case, subject to the right of review provided by this act."

If that language means anything, it is that the commission shall determine when the right to compensation ceases, and that, when so formally decided that the right is at an end, it shall be at an end. The theory is that, in the interest of all concerned, workmen as well as employers and insurers, such an important issue must be susceptible of definite adjudication and in a proper case finally to formal and definitive determination. The intention is that, once an award has been made, jurisdiction shall continue only as long as there is continuing right to compensation. And it is for the commission to determine that fact question—subject only to "the right of review" and not to the right of rehearing provided by the statute. If § 4295 means that the decision shall be subject to rehearing as well as review, then there could not be what the statute says shall be, that is, a termination of liability. If the decision were subject indefinitely to repeated rehearings, it would not terminate liability. Yet the statute says that that is what it shall do.

Of course, under § 4319 the commission has the general power to entertain petitions for rehearing. But we have never had occa-

sion heretofore to consider the limitation put on that *general* power by the *special* provisions of § 4295. Their plain and only purpose would be frustrated were they not given the effect which we now give them. The scheme is simple. The industrial commission is given continuing jurisdiction with power and duty to determine when it has come to an end. Its affirmative decision of that issue is made final, subject only to "review" here. The scheme is as old as it is simple. Courts decide daily the fact questions which answered one way confer, and answered the other way deny, jurisdiction. And when by judgment they are done with the case, their jurisdiction over it is at an end unless applicable law declares otherwise. It has never been thought that any court should have such jurisdiction that, having awarded a money judgment, it may thereafter at any time, on motion of the judgment creditor, reopen the matter for the purpose of awarding him more. If that were the case, then judgment debtor should have the same right to reopen the litigation, show that nothing ought to have been recovered, or a less amount, and recover from judgment creditor all or part of what he has already paid on the judgment. If that sort of thing were possible, the result would be confusion worse confounded.

We do not overlook our many cases holding that the industrial commission may reconsider its own decisions on rehearing. Among them are the following. State ex rel. Klemer v. District Court, 134 Minn. 189, 158 N. W. 825 (arising under a former law and before the creation of the industrial commission; the district court was held to have power, on new evidence, to reopen a judgment of award of compensation under our general statute relative to judgments and relief therefrom within a year, G. S. 1913, § 7786; G. S. 1923 [2 Mason, 1927] § 9283) ; Zeglin v. Yost, 163 Minn. 264, 203 N. W. 963 (where the question might have been but was not raised, the holding that the matter of the rehearing rested in the discretion of the commission being based exclusively on § 4319 with no reference whatever to § 4295) ; Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765 (lump sum settlement) ; Delich v. Thompson-Starret Co. 175 Minn. 612, 220 N. W. 408 (lump sum

settlement); Frederickson v. Burns Lbr. Co. 175 Minn. 539, 221 N. W. 910 (action in equity to annul settlement of compensation claim; held that relief must be sought before the industrial commission); Kallgren v. C. W. Lunquist Co. 172 Minn. 489, 216 N. W. 241 (compensation denied; no question as to power to grant a rehearing under § 4319; case remanded for further consideration by the industrial commission).

■ It is another case where two statutes in pari materia, G. S. 1923, § 4295, as amended, 1 Mason, 1927, id., and G. S. 1923 (1 Mason, 1927) § 4319, are in literal opposition, and if possible a way must be found to harmonize and give them both effect. It is easily done by applying § 4295 to the special issue there dealt with—the fact question whether the right to continued payments has ceased. The general language of § 4319 is well satisfied by giving it effect upon all other cases. As between such statutory provisions, the special controls the general within the former's limited scope. Cohen v. Gould, 177 Minn. 398, 225 N. W. 435; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8970.

We are thus brought to the conclusion that by the statute, G. S. 1923, § 4295, as amended, 1 Mason, 1927, id., the commission is denied jurisdiction, at least after the time for procuring a writ of certiorari has elapsed, to grant a rehearing of a decision holding that the right to compensation "has terminated."

Order reversed.