## PETER FREDERICKSON v. BURNS LUMBER COMPANY AND ANOTHER.[1]

June 21, 1935.

No. 30,464.

*A. E. Parsons,* for relator.
*Stearns, Stone & Mackey,* for respondents.

PER CURIAM.

*Certiorari* to review an order of the industrial commission denying the petition of the employe to reopen the case and grant a rehearing.

This case has been here four times. 163 Minn. 394, 204 N. W. 161; 166 Minn. 212, 207 N. W. 499; 175 Minn. 539, 221 N. W. 910; 178 Minn. 464, 227 N. W. 657. The facts need not again be recited. By the latter decision an order of the commission denying a like petition to reopen the case and grant a rehearing was affirmed. That decision ended the case, and the industrial commission thereafter had no further jurisdiction of the matter. Orcutt v. Trustees of Wesley M. E. Church, 174 Minn. 153, 218 N. W. 550. In addition, the decision in Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62, in which it was held that "a final settlement in a workman's compensation case, approved by the industrial commission and final payment made thereunder, becomes final at the expiration of the time permitted for review," precludes a reopening of the instant case. See also Nadeau v. Cameron Joyce Co. 194 Minn. 285, 260 N. W. 213. In 1926 the commission, upon a stipulation in which respondents agreed to pay a lump sum of $1,500, ordered that upon payment of that sum "the employer and insurer herein shall be relieved from all further liability, including any and all claims and demands of whatsoever nature in this matter." The $1,500 has been paid. The award became final at the expiration of the time permitted for review.

We have considered all contentions of the relator and hold that the order should be affirmed, and the writ is hereby discharged.

[1]Reported in 261 N. W. 479.