SYDNOR and others vs. PALMER and others.

LEGISLATIVE POWER — JUDGMENT. (1) *When rights under a judgment become vested, so that legislature cannot grant appeal or new trial.* (3) *Power over remedies.*

STATUTES: REPEAL. (2, 4) *When a statute operates to repeal a prior statute.*

1. After the time prescribed by law for asking a new trial or taking an appeal in an action has expired, the judgment becomes final be-

Sydnor and others vs. Palmer and others.

tween the parties, and no subsequent legislation can confer the right to a new trial or an appeal in such action.

2. Where a statute declares that a certain designated portion of a former statute " shall be amended so as to read as follows," this is a *repeal* of the former provision. *State v. Ingersoll*, 17 Wis., 631; *Goodno v. Oshkosh*, 31 id., 127.

3. While the legislature cannot, by subsequent enactments, destroy vested rights acquired by contract under existing laws (*Streubel v. R. R. Co.*, 12 Wis., 67), it may abolish a mere remedial right or privilege by a repeal of the statute creating it without any provision reserving rights already acquired.

4. Ch. 125, Laws of 1869, in force when defendants appealed from a judgment against them in ejectment, provided that if such appeal was taken *within ninety days* after the judgment, the time during which the cause was pending in this court should be excluded from the year within which defendants might apply for a new trial. The defendants appealed within the ninety days, and while the cause was pending here, ch. 55, Laws of 1871, was passed, abrogating the above special provision, and giving the party against whom judgment was rendered. but one year in any case to apply for a new trial. After the cause was remitted to the circuit court, ch. 141, Laws of 1872, was passed, which in effect repealed the act of 1871 and gave the party desiring a new trial in ejectment a full year after the rendition of the judgment against him, excluding the time in which his appeal should be pending, in cases where the appeal was taken *within twenty days* after judgment rendered. There was no clause saving the rights of parties who had appealed under the former act, and the appeal in this case had not been taken within the twenty days. *Held*, that the defendants had no longer any right to a new trial.

APPEAL from the Circuit Court for *La Fayette* County.

Ejectment. The action was tried at the June term, 1870, of said court, and plaintiffs had a verdict. Defendants, before judgment, moved for a new trial on the ground of various alleged errors ; but the motion was denied, and judgment was rendered upon the verdict September 20, 1870. Defendants appealed on the 22d of November following; the judgment was affirmed in this court December 29, 1871 [29 Wis., 226], and the cause remitted, the *remittitur* being filed in the circuit court January 4, 1872. The plaintiffs' costs at the circuit were taxed October 1, 1870, at $138.46 ; and this sum defend-

ants paid April 5, 1872 ; but they refused to pay any interest thereon. They also paid the costs in the supreme court, and filed an undertaking as required by law in such actions where a new trial is taken as of course ; and thereupon they moved the court to vacate the judgment and grant a new trial. From an order granting this motion the plaintiffs appealed.

*P. A. Orton, Jr.*, for appellants, argued that ch. 141, Laws of 1872, having been in force when the application and order for a second trial were made, the legality of the order must be tested by that act alone (*State v. Ingersoll*, 17 Wis., 631); that sec. 20, ch. 141, R. S., affected the remedy only, and its repeal, after judgment in any case, before the expiration of the term of one year, would not be open to the constitutional objection that it deprived the party of all remedy, because he would have had one trial on the merits, with the right of appeal for any error therein, which, in the estimation of the law, is a full, ample and complete remedy (*Von Baumbach v. Bade*, 9 Wis., 559; *Osborn v. Jaines*, 17 id., 573); but that, even if this were not so, defendants had a *reasonable* time (over six months) after the act of 1871 (ch. 55) took effect, within which to take a second trial. 2. Counsel further argued that the statute, in requiring the defeated party to pay all costs as a condition precedent to his right to a new trial, includes interest which may have accrued on any judgment for such costs.

*Moses M. Strong*, for respondents. [No brief on file.]

DIXON, C. J. This is one of those cases, unfortunately too frequent, growing out of that feverish and insatiable desire for change which pervades the law making department of the government. Frequent changes of laws are always bad, and they are especially much worse when rashly and inconsiderately made, without regard to their effects upon existing remedies and pending actions and proceedings. The question here presented arises out of no less than three distinct repeals of a section of the Revised Statutes, effected by three distinct acts

of the legislature passed at three several sessions, and all within a period of but a few days more than three years from the date of the first act. The statute thus ·repealed by substitution, and so rapidly turned from one thing into another, is, or was, a most important provision of law regulating the remedy of suitors in a most important class of actions, namely, actions for the trial and determination of titles to real estate. It is that provision, most important in actions of the kind, so known to be and so esteemed by the legislature, since it has always existed in the statute laws, which gives the defeated party the right to a new trial as of course, on payment of all costs, whenever applied for within the time prescribed by statute, which has never been less than one year after the rendition of judgment. This right, in all respects so valuable, the defendants in this action have been cheated out of by legislative carelessness and indifference; and it is now beyond the power of that department of the government, as well as of the judicial, to restore it to them. No new trial can be granted or right of appeal given by subsequent legislative enactment, where those rights have once lapsed and the judgment has become final between the parties. *Town of Lancaster v. Barr*, 25 Wis., 560; *Davis v. Menasha*, 21 Wis., 491.

The legislative acts which have produced this unfortunate result, are ch. 125, Laws of 1869, ch. 55, Laws of 1871, and ch. 141, Laws of 1872, repealing by substitution sec. 20, ch. 141, R. S., and each in turn repealing in like manner its immediate predecessor. The two first acts declare that the section of the Revised Statutes " is hereby amended *so as to read as follows :* " and then comes the substituted provision. The phraseology of the act of 1871 indicates that the framers had no knowledge of the act of 1869. The act of 1872 is of the same kind, and declares that that of 1871 " is hereby amended *so as to read as follows*," etc. The blame of depriving these defendants of their right to a new trial may be said to attach to either of the acts of 1871 or 1872. The act of 1869, in force when

the appeal of these defendants from the judgment against them was taken to this court, provided that if such appeal was taken within ninety days after judgment, the time during which the cause was pending in and unremitted from this court, should be excluded from and be deemed no part of the year within which the application might be made. The appeal of the defendants was taken within ninety days after the rendition of the judgment. The act of 1871, passed while the cause was pending in this court, and in force when it was remitted, abrogated the special provision of the act of 1869, and gave the party against whom judgment was rendered *but one year in any case* within which to apply for and obtain the new trial. The act of 1872, in force when the application for a new trial was made, gave the party the extended time, or excluded from the computation of the one year the time during which the cause was pending and remained in this court, *only in cases where the appeal was taken within twenty days after the judgment was rendered.* The appeal in this case was not taken within twenty days after such rendition. The act of 1872 was, as we are credibly informed, repealed at the last legislative session, 1873, and what the law now is we do not know, and do not care to instruct ourselves until the time comes when we must do so, which will doubtless be soon enough. The fault, and a most egregious one too, of both the acts of 1871 and 1872, was, that they did not save the rights of suitors in pending actions as those rights existed at the time of their passage.

The rule of construction by which it must be held that each of the acts referred to worked a total repeal of the statute in place of which it was enacted, is well settled in this court. *State v. Ingersoll,* 17 Wis., 631 ; *Goodno v. Oshkosh,* 31 Wis., 127.

Counsel for the defendants makes a point that the legislature has no power to deprive them of the right to a second trial as given by the act of 1869, in force at the time the judgment was rendered and when they perfected their appeal from that judgment, and refers us to the case of *Streubel v. Railroad Co.,*

12 Wis., 67.　It appears to us the cases are clearly distinguishable.　The cases cited involved the destruction of vested rights acquired by contract under existing laws, which it was held the legislature could not destroy.　The case before us involves the abolition of a mere remedial right or privilege, which the legislature can give or withhold at pleasure.　The acts in question pertained merely to a matter of remedy, which it was competent for the legislature at any time to revoke.　There can be no doubt that the total repeal of the statute for obtaining a second trial, giving no other similar remedial right in its stead, would be a constitutional and valid exercise of legislative power, and that it would carry with it all right to such trial in pending actions.　The constitutional principle thus involved has been very recently under consideration by the court of appeals of New York, and the power of the legislature asserted to a point far beyond that to which this court would be willing to go, unless constrained after a most anxious and deliberate consideration of the subject.　We refer to the case of *Watson v. Railroad Co.*, 47 N. Y., 157, in which it was held that the lien of a judgment given by statute upon real estate is purely statutory, and that it is within the power of the legislature to abolish it at any time before rights have become vested, or estates acquired under it, as by a sale, and to confine the remedies of the creditor to the property held by the judgment debtor at the time of the issuing of execution.　The case is interesting as a discussion of the point here urged by counsel.

The order appealed from must be reversed, and the cause remanded for further proceedings according to law.

*By the Court.* — So ordered.