GEORGE E. JOHNSON v. A. C. JEFFERSON AND ANOTHER.[1]

May 25, 1934.

No. 29,927.

*S. S. Larson* and *Stearns, Stone & Mackey,* for relators.
*B. A. McLeod,* for respondent.

[1] Reported in 255 N. W. 87.

*LORING, Justice.*

This case comes here on a writ of *certiorari* to review the action of the industrial commission granting to the respondent an order setting aside and vacating an award of compensation made June 6, 1925, and ordering a hearing on an application for further compensation and medical care.

The respondent was injured June 6, 1921. He was paid compensation for the period that he was incapacitated, and he returned to work June 28 of that year. Notice of termination of his rights to compensation as of June 28, 1921, was served. In February, 1925, the respondent made a further claim to the employer, based on a partial loss of vision and injury to his teeth, which resulted in an agreement on the part of the employer to pay a certain dental bill and ten weeks' compensation aggregating $180. Incorporated in this agreement was a release of all claims, and this settlement was approved by the commission. October 17, 1929, the respondent petitioned for a new hearing, which was denied November 15, 1929. A second petition for a new hearing was filed October 6, 1933, and granted December 29, 1933. This is the order which is here for review.

It will be seen that the history of this case closely parallels that of Rosenquist v. O'Neil, 187 Minn. 375, 245 N. W. 621, where this court denied the authority of the commission to grant a hearing under the law as it then stood. We there held that the action of the commission in determining that the right to compensation was at an end was final and determinative under 1 Mason Minn. St. 1927, § 4295; that it was subject to review by this court but not to rehearing by the commission. It is unnecessary to repeat here the discussion which appears in that opinion. Counsel for respondent asserts, however, that the effect of that decision is abrogated by the amendment to 1 Mason Minn. St. 1927, § 4295, made by L. 1933, c. 74, whereby the legislature added to that section:

"And subject to the right of the commission at any time prior to said review, to set aside its decision, or that of the referee, and grant a new hearing pursuant to Section 4319, General Statutes 1923."

This contention of counsel at once raises the question whether c. 74 is retroactive, and, if so, is its retroactive provision constitutional? If the prior proceedings of the commission fixed and finally determined the rights of the parties and left the employer released from further liability as effectively as a judgment would have done, then the legislature was without the power to authorize the commission to open up the award and grant a new hearing. In Rosenquist v. O'Neil, 187 Minn. 375, 245 N. W. 621, the court said in effect that the jurisdiction of the industrial commission over a compensation case is continuing within certain limits and that ordinarily its decisions do not have the terminating and quieting effect of a judgment, but that there is a limit to that rule and that § 4295 authorized the commission to determine when the rights of compensation ceased, and that when it had done so that right was at an end and its jurisdiction ceased. This action of the commission was by the terms of § 4295 subject to review as the law then stood but was not subject to the right of rehearing provided by § 4319. If the amendment of 1933 had not been enacted, there could be no relief to this respondent.

We think that, there having been no review of the action of the commission under § 4295 in 1921, the relators' rights became fixed and vested and that the settlement made in 1925 did not have the effect of reinstating the respondent's right to compensation. That settlement was made at a time when the claim was closed and finally determined and did not have the effect of reviving it because it contained a release of all further claims. What was done then was not based on any liability to respondent. But, however that may be, the situation prior to the passage of the 1933 amendment is controlled by the case of Rosenquist v. O'Neil, 187 Minn. 375, 245 N. W. 621, and the relators had a fixed and vested right in the final determination made by the commission. This was a substantive right, and the amendment of 1933, although affecting the remedy, in effect impaired the vested rights of the relators in their release from further liability and as such was in violation of the due process clause of our constitution and the fourteenth amendment to the federal constitution.

"The doctrine is well established, now, however, under the fourteenth amendment to the constitution of the United States, and the constitutions of the several states, that the legislature may not grant an appeal or other method of review in a case in which there has been a final judgment and no right of appeal exists under the law in force prior to the enactment of the statute. The bar arising from the lapse of time within which an appeal may be taken is a vested right and cannot be affected by subsequent legislation." 12 C. J. p. 986.

In Beaupre v. Hoerr, 13 Minn. 339 (366), this court held that the legislature is forbidden by the due process clause of our constitution from granting an appeal or review where the same is not given by existing law or the right to them has been lost by lapse of time. In Wieland v. Shillock, 24 Minn. 345, it was held that L. 1877, c. 131, providing for an action to set aside judgments fraudulently obtained, was unconstitutional as applied to a judgment which had become absolute prior to the passage of the act. In Town of Lancaster v. Barr, 25 Wis. 560, it was held that where an appeal from a judgment was not allowed by law at the time of its rendition it could not be authorized by a subsequent statute. In Sydnor v. Palmer, 32 Wis. 406, it was held that where rights under a judgment had become vested and fixed the legislature could not grant an appeal or a new trial. The court said [32 Wis. 409]:

"No new trial can be granted or right of appeal given by subsequent legislative enactment, where those rights have once lapsed and the judgment has become final between the parties."

The court of appeals in New York in Germania Sav. Bank v. Suspension Bridge, 159 N. Y. 362, 367, 54 N. E. 33, 34, in considering an appeal authorized by the legislature which under the preëxisting law was not appealable and where the time for appeal had expired, said:

"The legislature has control of remedies so far as they affect existing actions. This control includes the power to extend the time to appeal, or to grant a new right of appeal, provided some time yet remained, according to the law in force when the legislature acted,

within which an appeal might have been taken. If, however, according to the law existing when the statute extending the time to appeal, or granting a new right of appeal, was passed, the judgment had become final and unalterable, because no further right of appeal existed, then the judgment conferred a vested right and was property of which the owner could not be deprived by an act of the legislature, or otherwise than through due process of law."

We therefore conclude that under our decision in the Rosenquist case, 187 Minn. 375, 245 N. W. 621, the rights of the relators had become finally determined and fixed prior to the passage of the amendment of 1933 and that it was beyond the power of the legislature to authorize the commission to reopen the case. It being our duty to give an interpretation to an act which makes it constitutional when that result may reasonably be reached, we construe L. 1933, c. 74, as not applicable to cases where rights had become fixed and vested prior to its passage. Oppegaard v. Board of Co. Commrs. of Renville County, 110 Minn. 300, 302, 125 N. W. 504, 505, where this court said:

"And it may be conceded that if this statute provided for an appeal in case of vested rights it should be given a prospective operation only."

The order to review which this writ of *certiorari* was sued out is reversed.