GEORGE FALCONER v. CENTRAL LUMBER COMPANY AND ANOTHER.[1]

March 1, 1935.

No. 30,172.

[1]Reported in 259 N. W. 62.

*Briggs, Weyl & Briggs,* for relators.
*Ernest F. Jacobson* and *Mark F. Crotty,* for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to the industrial commission to review an order made by the commission on May 28, 1934, setting aside an order made by the commission on April 11, 1930, and referring the case to a referee for rehearing.

George Falconer, the respondent, was employed by the Central Lumber Company in its lumber yard and claims to have suffered an injury by bumping his head against a crossbeam in the yard on December 5, 1928. He claimed that this resulted in either partial or total loss of the sight of one eye, although the eye was not injured physically and there were no external marks of the injury as far as appears. He brought the matter to the attention of the insurance company in July, 1929, and made some claim for compensation at that time. The employer and the insurer did not admit liability or that any injury was caused by the bumping of the claimant's head on December 5, 1928. In February, 1930, a compromise agreement was entered into by the insurance company, the employer, and the claimant, and in March, 1930, they entered into a written stipulation and agreement whereby it was agreed that, in order to bring about a full and final compromise settlement, the insurer and employer should pay to the claimant the sum of $961.50, representing a 50 per cent loss of the sight of an eye, and that the claimant should accept the payment of said sum in full and final compromise settlement of all his claims for compensation, medical expense, or otherwise on account of said alleged accidental injury. This settlement agreement was duly signed by the parties and was thereafter presented to the industrial commission for

action thereon. On April 11, 1930, the industrial commission made its order reading as follows:

"The industrial commission having considered said stipulation and being fully advised in the premises and it appearing that the facts recited in said agreement are true and that said agreement is in substantial accord with the provisions of Part II, Chapter 82, Laws of 1921, as amended, now, therefore,

"It is considered and determined that George Falconer, the employe herein, is entitled to and he hereby is awarded against the above employer and insurer payment of compensation in the sum of $961.50, all of which is now due and owing on account of 50% permanent partial disability to the left eye, same to be in full and final settlement of any and all claims arising out of the employe's. accidental injury as of December 6, 1928, while in the employ of the above named employer.

"Dated at St. Paul, Minnesota, this 11th day of April, 1930."

The money so agreed to be paid was duly paid and the matter fully closed. Nothing more appears to have been done until four years later, when, under date of April 11, 1934, the claimant and his attorneys presented a petition to reopen the award and for a rehearing of the matter and asked that the industrial commission find that the stipulation of settlement referred to was entered into through fraud and mistake, and that the claimant be permitted to offer evidence as to his condition and the cause thereof. This petition was heard before the industrial commission on conflicting affidavits of the parties and certain letters and reports offered at the hearing, and thereupon, on the 28th day of May, 1934, the industrial commission made the following order:

"It is ordered, that the findings of fact and award of compensation based on stipulation, made and filed by the Commission in the above entitled matter on April 11, 1930, be, and the same hereby are vacated and set aside in their entirety."

The commission further ordered that the matter be referred to a referee for hearing. The Central Lumber Company and Standard Accident Insurance Company bring the matter here for review.

The important question for review is whether the industrial commission had any authority to grant a rehearing four years after the final settlement and closing of the matter by stipulation and order of the commission. The claimant, respondent here, relies upon 1 Mason Minn. St. 1927, § 4319. As shown in the decisions hereinafter noted, this section and § 4295, as it stood prior to the amendment of 1933, read literally, are in conflict, and we have held that § 4295, being specific, modified or took precedence over § 4319. The cases of Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621, and Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87, point out the relationship of the two sections. The case of Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87, appears to apply to the facts in the present case. While in that case the order which the industrial commission made was one adjudging that disability had ceased and full compensation had been paid, it was held that such an order could not be set aside or reopened under the provisions of § 4319, but was final under § 4295 unless brought up for review under the appeal section. In the present case the claim was fully compromised and settled. The industrial commission approved the settlement and fixed the amount to be paid in full and final settlement, and the amount was so paid. We can see no distinction between such an order and the order considered in Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87. Here, as there, the industrial commission had definitely adjudged that the total compensation was a definite amount and that no further compensation should be paid. The order here made is just as final and conclusive as the one considered in that case.

The order here in question is reversed.