# NORRIS M. NADEAU v. CAMERON JOYCE COMPANY AND ANOTHER.[1]

April 12, 1935.

No. 30,294.

*J. F. Boyles* and *S. S. Larson,* for relators.
*Edward Cohen,* for respondent.

I. M. OLSEN, JUSTICE.

*Certiorari* to review an order of the industrial commission vacating awards of compensation and settlement in the matter of the claim of respondent, Norris M. Nadeau, for compensation for injuries in an industrial accident occurring May 14, 1923.

[1]Reported in 260 N. W. 213.

■ Commencing early in 1924 and continuing up to April 6, 1926, there were various petitions, stipulations, and orders in this matter. It is not necessary to refer specially to each one. Under date of January 2, 1925, respondent presented his petition for compensation for permanent total disability, to be paid at the rate of $18 per week. Under date of January 20, 1925, a stipulation was entered into by the parties. The stipulation recited that the employer and insurer had paid to the respondent compensation to the extent of $1,831.70 and had paid all medical expenses except the services of Dr. Geist. The stipulation then states:

"The parties hereto in an effort to arrive at an amicable settlement hereby stipulate and agree that said employer and insurer will pay said employe compensation at the rate of $18.00 per week from the commencement of said disability during the next 300 weeks thereafter, said payments to be made with full comprehension of the compensation laws of the state of Minnesota, said payments to be made provided said employe remains totally disabled, and that if at any time he is able to resume work before the expiration of the said 300 weeks, compensation payments will then cease, or be adjusted on the wage loss basis.

"That in addition to the compensation payments to be paid the employer and insurer in this matter agree to pay all medical expenses incurred in this matter, particularly including the bill of Dr. Geist of St. Paul.

"The parties hereto submit the above stipulation of settlement to the Industrial Commission praying that an agreement and award will be drawn thereon setting out the above terms of settlement.

"Dated at St. Paul, Minn., this 20th day of January, 1925."

The industrial commission thereupon, under date of January 22, 1925, made its findings of fact and award of compensation based on this stipulation. The commission adopted the stipulation practically verbatim as its findings of fact and then made its award in the following language:

"Now, therefore, it is hereby considered and determined that the employe in this matter, the said Norris M. Nadeau, is entitled to

and is hereby awarded compensation at the rate of $18.00 per week from the commencement of said disability for a period of 300 weeks provided said disability continues or if said employe is able to resume work that he be entitled to a wage loss based on two-thirds the difference of the wage he was earning at the time he was injured, and such wages as he may be able to earn, not to exceed the sum of $18.00 per week; and further that the employer and insurer in this matter shall pay the bill of Dr. George Geist of St. Paul, Minnesota. It is further provided that said employer and the said insurer may receive credit for any payments made by way of compensation prior to this time.

"Dated at St. Paul, Minnesota, this 22nd day of January, 1925."

Under date of April 3, 1926, a stipulation between the parties and a petition for a lump sum settlement was presented, reading as follows:

"The above named parties being the only parties interested herein agree and stipulate to the following:

I

"That on May 14th, 1923, the above named Norris Nadeau was in the employ of the Cameron Joyce Company as caterpillar engineer at an agreed monthly wage of two hundred and no/100 ($200.00) dollars and that on said date at Eyota, Minnesota, while moving a steam shovel with a caterpillar tractor the steam shovel bucket fell on his chest and head, resulting in a fractured jaw, injury to his back, hemorrhages and various other injuries.

II

"That compensation has been paid by the above employer, through its insurer, regularly on the basis of eighteen and no/100 ($18) dollars per week and that on January 22nd, 1925, the Industrial Commission of Minnesota, pursuant to a stipulation of settlement made by the above named parties, made and filed its findings of fact and the award of compensation, in effect as follows:

" 'That the employe in this matter, the said Norris M. Nadeau, is entitled to and is hereby awarded compensation at the rate of $18.00 per week from the commencement of said disability for a

period of 300 weeks provided said disability continues or if said employe is able to resume work that he be entitled to a wage loss based on two-thirds the difference of the wage he was earning at the time he was injured, and such wages as he may be able to earn, not to exceed the sum of $18.00 per week.'

### III

"That pursuant to the above award the employer, through its insurer, has paid said employe the amount of 155 weeks at eighteen and no/100 ($18.00) dollars per week, leaving 145 weeks remaining to be paid as the same may become due.

### IV

"That the said employe is desirous of making a lump sum settlement in order to save valuable property rights that he is in danger of losing; and that the said employer and insurer are willing to consummate such settlement at the present value of the total amount of monies due said employe under said settlement.

### V

"That the present value of 145 weeks' compensation at eighteen and no/100 ($18.00) dollars per week is two thousand four hundred twelve and 3/100 ($2,412.03) dollars, and your petitioners pray that your honorable commission make an award by which the employer, through its insurer, be directed to pay to the said employe the sum of two thousand four hundred twelve and 3/100 ($2,412.03) dollars in full discharge and satisfaction of all claims arising out of the aforesaid accident in favor of the said employe, and that on payment of the above amount by the employer, through its insurer, to the employe, the employer and insurer shall be forever released and discharged from all further liability of whatever name and nature that now or may hereinafter incur as a result of the aforesaid accident.

"Dated this 3rd day of April, 1926."

Thereupon, under date of April 6, 1926, the industrial commission made its order approving the stipulation and fixing the amount of the lump sum settlement, reading as follows:

"The parties hereto having under date of April 3rd, 1926, submitted to the Industrial Commission a stipulation for lump sum settlement, and the Industrial Commission being convinced that the same should be approved.

"Now, therefore, it is ordered that the employer and insurer herein, pay to Norris M. Nadeau, the employe herein, the sum of $2,412.03 at this time, the same being the agreed present value of the last 145 weeks of compensation due the employe pursuant to the award of the Industrial Commission filed under date of January 23, 1925.

"Dated at St. Paul, Minnesota, this 6th day of April, 1926."

Under date of April 8, 1926, the respondent gave his final receipt for payment, reading as follows:

"FINAL RECEIPT FOR COMPENSATION UNDER COMPENSATION AGREEMENT AND AWARD.

"Do not sign this receipt unless you intend to end payments of compensation and close the case.

"Received of United States Fidelity & Guaranty Company the sum of two thousand four hundred twelve and 03/100 dollars, making in all, with weekly payments already received by me, the total sum of five thousand one hundred ninety-seven and 73/100 dollars, in settlement and satisfaction of all claims for compensation or damages, subject to review as provided by law, on account of injuries suffered by Norris M. Nadeau on or about the 14th day of May, 1923, while in the employ of Cameron Joyce & Co.

"Witness my hand this 8th day of April, 1926."

The order of the commission fixing the amount of the lump sum settlement, filed April 6, 1926, as therein stated, and the final receipt given on April 8, 1926, closed the case and ended the matter as far as the commission was concerned. The order states that the amount of the lump sum settlement is the agreed present value of the last 145 weeks of compensation due the employe pursuant to the award of the industrial commission filed under date of January 23, 1925. The final receipt on the form furnished by the commission starts out with the statement: "Do not sign this receipt

unless you intend to end payments of compensation and close the case." The cases of Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621; Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87; and Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62, sufficiently show the construction placed upon the statutes by this court and point out the relationship between § 4319 and § 4295 as it stood before the amendment of 1933. The order fixing the lump sum settlement and providing that it was for the present value of the last 145 weeks of compensation due the employe, and the final receipt given as in settlement and satisfaction of all claims for compensation or damages, have the same effect as a direct order of the commission terminating payments.

We have not overlooked the fact that there was, by agreement and approval of the commission, a settlement of the bill for hospital and medical services of Dr. Geist in July, 1934. This was a separate matter from any compensation for injuries and was apparently a settlement of the services of Dr. Geist as agreed in the stipulation of January 20, 1925, and in the order of award. It did not operate to reopen anything else.

■ The amendment of 1 Mason Minn. St. 1927, § 4295, by L. 1933, c. 74, 3 Mason Minn. St. 1934 Supp. § 4295, had no retroactive effect so as to authorize reopening compensation cases finally closed before the statute was enacted. What construction shall otherwise be given to that amendment we need not now consider.

The order of the industrial commission under date of September 8, 1934, attempting to vacate the award of compensation made in this case on January 22, 1925, and to reopen this proceeding for further hearing before a referee is hereby reversed.

Reversed.