## MAX P. DORFMAN v. FREMONT CONSTRUCTION COMPANY AND ANOTHER.[1]

June 21, 1935.

No. 30,366.

*Bundlie & Kelley,* for relators.
*Mark F. Crotty,* for respondent.

PER CURIAM.

*Certiorari* to the industrial commission bringing up for review an order vacating an award of compensation made January 24, 1928, and granting to the respondent employe a rehearing on the merits.

Mr. Dorfman received his injury June 30, 1925, and compensation at the maximum rate was paid him by the insurer, the present re-

[1]Reported in 261 N. W. 879.

lator, until December 19, 1927. The necessary medical and hospital care was furnished. January 4, 1928, the employe on the one hand and the employer and the latter's insurer on the other stipulated for a final settlement of the claim. Formal hearing was waived, and it was agreed that the industrial commission might render its award on the stipulation. It did so January 24, 1928, and the award then made pursuant to the stipulation was self-designated as a final settlement of the claim. The amount thereof, $3,099.19, was forthwith paid to the claimant. That sum, together with what he had theretofore received in money, medical and hospital expenses was accepted "in full settlement" of the matter, and he released all claims which he then had or might thereafter have "arising out of or in any wise connected with" the accident in question.

Late in 1931 Mr. Dorfman applied to the commission for a vacation of the award and settlement of 1928 and for a rehearing. His application was denied by the commission March 10, 1932. Over two years later, in November, 1934, he again applied for a reopening of the whole matter. That petition was granted by an order of November 21, 1934, which is now before us for review.

Under the circumstances thus briefly outlined, the commission had no power to vacate the settlement and award of 1928. The same question was before us in Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62, and decided adversely to the employe. The reasons need not be restated. See also Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87. Under the rule of these cases, the order under review must be and is reversed.

DEVANEY, CHIEF JUSTICE, took no part.