## GEORGE MAFFETT v. CITIZENS BANK AND ANOTHER.[1]

December 18, 1936.

No. 31,042.

[1]Reported in 270 N. W. 596.

*J. F. Boyles* and *Lewis Himmelman,* for appellants.
*Arthur LeSueur,* for respondent.

HOLT, JUSTICE.

Defendants appeal from the order vacating and setting aside a judgment rendered in the district court upon an award of the industrial commission.

On March 7, 1932, while in the employ of the defendant bank, plaintiff suffered an accidental injury. Compensation was applied for and paid by the employer or its insurer for some time. After notice of discontinuance of payments was given plaintiff by the employer, the parties, on November 7, 1933, entered into a stipulation whereby plaintiff was to receive a lump sum as "full and final" settlement of any claim that might arise because of the injuries sustained. This settlement was approved by the industrial commission and the amount paid to plaintiff. Approximately a year later plaintiff, by new attorneys, petitioned the commission to reopen the matter. The petition was granted, and, pending a hearing, the parties entered into another stipulation granting plaintiff an additional $600 award "in satisfaction and full release of all claims." This was also submitted to and approved by the industrial commission. The award not being complied with within 30 days after its rendition, with the consent of all concerned, judgment was on April 23, 1935, entered thereon in the district court against defendants and in favor of plaintiff for $600, and the judgment thereupon satisfied.

March 12, 1936, by still another attorney, plaintiff moved the district court to vacate and set aside the judgment on the ground of mistake. The motion was granted, and defendants appeal.

Plaintiff argues that since the amendment of 1 Mason Minn. St. 1927, § 4295, by L. 1933, c. 74, 3 Mason Minn. St. 1934 Supp. § 4295, there is really no need to have the judgment entered upon the award in the district court vacated, for the amendment was designed to have the industrial commission always in charge of a compensation case after jurisdiction thereof has been once acquired. We think this is an erroneous view of the amendment. Before its enactment it had been held that where the employer was paying compensation to an employe accidentally injured in the service and a controversy arose as to the right to further payments, the employer must notify the commission in writing of the proposal to discontinue payments; thereupon notice was to be given the employe and a hearing had before the commission, which must consider all the evidence adduced and file its decision or award for further payment; or, if it be determined that the right of compensation was ended, the commission must notify the employer, thereby relieving him and his insurer of liability, such decision, award, or order of the commission was final. Such was the holding in Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621, 622, after a full consideration of § 4295. We quote from the second paragraph of the syllabus:

"Where the issue is formally made whether there is right to additional compensation, the decision of the commission that the right has terminated is final, subject only to review (by *certiorari*) as distinguished from rehearing."

This was followed by Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87; Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62; Dorfman v. Fremont Const. Co. 195 Minn. 19, 261 N. W. 879. By L. 1933, c. 74, § 4295 was amended by adding to the second paragraph thereof these words: "and subject to the right of the commission, at any time prior to said review, to set aside its decision, or that of the referee, and grant a new hearing pursuant to Section 4319, General Statutes 1923." While this amendment was undoubtedly passed in view of the Rosenquist decision and was for the purpose of authorizing the commission to open its decisions rendered

under § 4295 prior to a removal to this court by *certiorari*, the right of the commission to act is, by L. 1933, c. 74, under § 4319, which reads:

"At any time after an award has been made and before the same has been reduced to judgment or writ of certiorari issued by the Supreme Court, the Commission may for cause, upon application of either party and not less than five days' notice in writing to all interested parties, set the award aside and grant a new hearing and thereon determine the matter on its merits and make such findings of fact, conclusions of law, and award or disallowance of compensation or other order, as the pleadings and the evidence produced before it and the provisions of this act shall in its judgment require."

It is clear that the amendment of § 4295 by L. 1933, c. 74, in no way modified or affected § 4319. Hence the application to the commission must be made before the award or decision has passed into judgment in the district court. The industrial commission has been given no authority to enforce its awards, orders, or decisions. Section 4318 provides that where there is default in complying with an award of the commission a certified copy thereof may be filed in the district court, and on ten days' notice to the adverse parties, judgment may be entered thereon in the district court, "and such judgment shall have the same force and effect, and may be vacated, set aside or satisfied as other judgments of the same court." This places judgments entered in the district court upon awards of the industrial commission on a parity with judgments entered upon any cause of action in the district court. A judgment of the district court rendered after a trial, paid and satisfied, ought not to be set aside or disturbed unless there is some statute so authorizing. The general equity powers to amend judgments cannot be invoked on the facts here disclosed. See Macknick v. Switchmen's Union, 131 Minn. 246, 154 N. W. 1099. We have these statutes in regard to setting aside judgments, §§ 9283 and 9405. There was no pretense in this application to set aside the judgment on the ground of fraud or perjury, under § 9405. Section 9283 reads:

"The court, in its discretion, may likewise permit an answer or reply to be made, or other act to be done, after the time limited therefor by this chapter, or by its order may enlarge such time; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; *or may, for good cause shown, modify or set aside its judgments, orders, or proceedings, whether made in or out of term and may supply any omission in any proceeding, or in the record, or by amendment conform any proceeding to the statute under which it was taken,*" etc.

The part italicized is the only provision under which the petitioner herein could proceed. It is to be noted that a judgment can be vacated and set aside only "for good cause shown." The petition sets up mistake as a ground or cause for the relief asked, and the court gave that as the only reason for setting aside the judgment. The record demonstrates that the alleged cause of "mistake" was not good cause. If this judgment may be set aside after it has been paid and satisfied, then any judgment for personal injuries rendered upon a full trial and then paid may be set aside by the plaintiff's showing that he was mistaken as to the extent of his injury.

The record discloses that on March 7, 1932, plaintiff, while in the employ of defendant bank, accidentally fractured the os calcis of both feet, and was paid by defendants $20 per week for a healing period of 25 weeks, and in addition 15 per cent permanent disability of the right foot and 25 per cent permanent disability of the left foot, or a total of 50 weeks for permanent disability at the rate of $20 per week and the medical expenses up to November, 1933. Then a dispute arose between them, and to compose the same the parties and their attorneys stipulated for additional compensation during 25 more weeks at $20 per week and for certain physician's services, and the expenses of certain side irons for shoes to be worn by plaintiff. Upon this stipulation there was an award made, payment received, and final receipt given on November 20, 1933. In November, 1934, plaintiff moved to open the settlement and for

more compensation. It was opened, and, pending the hearing, plaintiff being represented by reputable and experienced attorneys, the parties again entered a stipulation whereby defendants were to pay the sum of $600 "in satisfaction and full release of all claims which the employe may have or claim to have for compensation, hospital or medical expenses or any benefits whatsoever under the Compensation Act of the State of Minnesota as against this employer and insurer by reason of the above described accident, and the employe agrees to accept said sum of six hundred dollars ($600.00) as an additional payment to him for the purposes above enumerated." Upon this stipulation the commission made findings and awarded plaintiff $600 in addition to the compensation and expenses theretofore paid, "same to be in full and final settlement of any and all claims arising out of the accidental injury sustained by the employe on or about March 7, 1932." Not only did the parties and their attorneys so stipulate and obtain an award thereon from the commission, but, in order to make it absolutely final, they, after 30 days had passed without payment of the award being made, stipulated to waive service of the notice required by § 4318 in order to enter judgment in the district court upon the award. And judgment was so entered April 23, 1935, which on the same day was paid and satisfied. It is perfectly obvious that plaintiff and his attorneys intended to make the settlement and award immune to attack, for not only was the commission's approval obtained, but its findings and award, by the aid of plaintiff and his attorneys, were at once transmuted into a district court judgment, which under § 4319 ended the jurisdiction of the industrial commission over the matter. There was here no mistake as to the entry of the judgment nor as to its amount. There was no claim that the judgment was taken against plaintiff (it was for plaintiff) "through his mistake, inadvertence, * * * or excusable neglect," and no such claim could be made. And as to the alleged claim of mistake of fact in respect to the extent of his disability now made, plaintiff had the advice of his physicians, who were acquainted with his condition for almost two years, he had the counsel of good lawyers, he had the consideration of the commission not only in this settle-

ment but a previous one, he knew the nature of his injuries, he knew that there had not been full recovery, and he knew that the future of the disability was problematic. There was no mistake, except that plaintiff in November, 1935, found that his disability continued longer than he, in November, 1934, thought it would. Such a mistake by one party to a litigation is not ground for setting aside a judgment regularly procured and entered therein. It would seem that when a claim has been so thoroughly considered as was this not only once but twice, and the parties with the aid of competent and capable physicians and attorneys have arrived at a settlement which has been submitted to an administrative board of the standing and experience of the industrial commission and said commission approves the same and renders an award in accordance therewith, and then that award is designedly and with plaintiff's knowledge placed in judgment in the district court for the very purpose of making the settlement final under § 4319, there is no room for finding mistake as a ground for setting that judgment aside.

The order is reversed.

HILTON, JUSTICE (dissenting).

I am in accord with much said in the majority opinion but, feeling strongly that the conclusion reached is erroneous, I am forced to dissent.

It is claimed in the majority opinion that the showing made for relief in this matter was not good cause within the meaning of § 9283. It is conceded that the amendment of 1933 "was undoubtedly passed in view of the Rosenquist decision," 187 Minn. 375, 245 N. W. 621. That decision at least allowed the commission to reopen its decisions before it had formally determined that the employe was entitled to no more compensation. By the interpretation here given to the amendment of 1933 the commission may be even deprived of that right. Under the prevailing opinion, all one owing compensation need do is to default in payment thereof for 30 days, thereby forcing the employe to enter judgment on the award, the only means by which payment can be compelled. Having had judgment entered, the employe will be precluded from seeking any

further relief unless he can show as much cause therefor as need be shown to open a judgment of a court of law under § 9283. Most of the decisions interpreting that section have been rendered with the proposition in mind that the judgment sought to be reopened was reached after due deliberation of a judicial body. Judgments entered in district court on awards of the industrial commission are not of that nature. Such awards are made by an administrative body, at most only a quasi-judicial board. Certainly the same considerations should not obtain as to the opening of a judgment entered *pro forma* upon the determination of such a body as do when there is an attempt to open a judgment entered upon a decision of a duly created court of law.

It appears that the only purpose of § 4318 permitting the entry of judgments on compensation awards was to provide employes with some means of coercing the payment of duly awarded compensation from employers who otherwise might refuse to discharge their obligations. That provision was necessary, for the industrial commission has no authority to enforce its own awards. The construction now given that section, by the majority opinion, instead of being used principally as a means to compel payment of awards becomes an almost insurmountable barrier to further relief should the need therefor appear. It would seem that the purpose of the amendment of 1933 was to liberalize the procedure in regard to the opening of awards rather than to place more restrictions about it.

The case of Ronstadt v. Minor, 152 Minn. 10, 187 N. W. 703, 704, is much in point. There the district court, by order, approved a settlement of compensation made to an injured employe. Subsequently that order was set aside on the authority of G. S. 1913, § 7786, which has been carried forward as 2 Mason Minn. St. 1927, § 9283, the same section upon which relief here is denied. The showing of mistake in that case was, to my mind, much less than in the instant case, yet this court unanimously affirmed the action of the lower court and in so doing stated [152 Minn. 12]:

"It may be conceded that the showing for relief was not very strong, but we think it sufficient. It often happens that accidental injuries are deceptive as to consequences. What appears to be a

trifling hurt that should ordinarily heal in a short period, may apparently have done so, leaving, as in this case, some abnormal tissue that subsequently develops into a more serious matter than the original injury. In these small matters the workman cannot afford to secure either independent medical or legal advice. Much must be left to the sound judicial discretion of the court when appealed to to set aside an order because of the grounds enumerated in said section 7786."

In that view I agree and think the order here being considered should be affirmed.

DEVANEY, CHIEF JUSTICE (dissenting).

I agree with the dissent of Mr. Justice Hilton.

