# FRED TERRES v. INTERNATIONAL FUEL COMPANY AND ANOTHER.[1]

July 19, 1940.

No. 32,447.

*H. W. Volk*, for relator.
*J. Frank Boyles*, for respondents.

PETERSON, JUSTICE.

This case is here on *certiorari* to review a decision of the commission filed on February 1, 1940, denying the employe's petition for a rehearing on the ground that it was without power or jurisdiction to grant the same.

The employe was injured on December 9, 1931, while employed by the International Fuel Company. He bumped his head on a low ceiling or beam while coming out of a basement where he was delivering coal.

Compensation in the amount of $51.72 was paid by the employer for a period of four weeks ending on January 4, 1932. On January 6, 1932, the employer filed with the commission a notice of proposed discontinuance of com-

[1]Reported in 293 N. W. 301.

pensation payments as of January 4, 1932, final receipt by the employe, and a physician's report showing that the employe had recovered.

On January 30, 1932, the employe filed a claim petition claiming disability and right to compensation. In the petition he admitted that he had received compensation in the amount of $51.72. The petition was referred to a referee.

The matter was heard by the referee on April 27, 1932. While the proceedings do not state whether the hearing was on the claim petition or notice of discontinuance or both, the record shows that both matters were before the referee and considered at the same time. On June 6, 1932, the referee filed his decision, which, like the record of the hearing, contains no express recitals showing how the matter came before him. The referee in his decision found that the employe was totally disabled as a result of the injury up to and including January 10, 1932, "on which date he had fully recovered," and awarded him compensation at the rate of $12.93 per week from December 9, 1931, to and including January 10, 1932, less compensation theretofore paid, and in addition $3.00 expended for medicine and $25 to be paid to the employe's physician for services rendered in treating him for the injuries. There was no review of the decision by *certiorari,* and the time for applying for such a writ has long since elapsed. No judgment has been entered on the decision.

Two petitions for rehearing were filed by the employe, the first on October 9, 1934, and the second on November 13, 1939, which were denied by orders dated November 4, 1932, and January 6, 1940, respectively. The claim of the employe was that he suffered permanent total disability from the injury. This was denied by the employer. Much medical testimony was offered in support of the respective claims. On February 1, 1940, the commission vacated the order of January 6, 1940, changing the grounds of decision from the merits to lack of jurisdiction.

The question for decision is whether the decision of June 6, 1932, terminated the right of the employe to further compensation under 1 Mason Minn. St. 1927, § 4295, so as to prevent any further determination of the employe's claims to compensation.

The 1927 statute has been amended by L. 1933, c. 74, § 1, 3 Mason Minn. St. 1940 Supp. § 4295, so as to provide that the order terminating liability should be "subject to the right of the commission, at any time prior to said review [that is, by *certiorari* here], to set aside its decision, or that of the referee, and grant a new hearing pursuant to Section 4319, General Statutes 1923."

The employer had the right under § 4295 prior to the 1933 amendment to have its liability to pay compensation terminated. That was done here. It was the duty of the commission to investigate the claim, and if the employe objected to the discontinuance it was the commission's duty to hear the matter on the merits. The statute provided:

"After the hearing by the Commission, commissioner or referee, and due consideration of all the evidence submitted, the Commission, commissioner or referee shall promptly enter an order or award for such further amount of compensation to be paid by the employer, if any, as may be due and payable. If upon investigation it shall appear that the right to compensation in any such case has terminated, the Commission shall forthwith notify the employer in writing of such fact and the receipt of such notice by the employer shall operate to relieve him and the insurance carrier, as of the date when payment of compensation became suspended as provided by this section, from any further liability for payment of compensation in such case, subject to the right of review provided by this act."

At the hearing before the referee the very first question was whether the hearing should proceed on the notice of discontinuance or the claim petition. The employer took the

position that it had established its right to a termination of liability. The referee then ordered the hearing to proceed on the claim petition.

A decision prior to 1933 terminating liability under § 4295 is final and conclusive and terminates the jurisdiction of the commission of the matter. Rosenquist v. O'Neil & Preston, 187 Minn. 375, 245 N. W. 621. Where such an order was made prior to the enactment of the 1933 amendment, the rights of the parties under the order are vested and not subject to redetermination upon a rehearing under the amendment. Johnson v. Jefferson, 191 Minn. 631, 255 N. W. 87.

The employe's claims for further compensation under his claim petition and the employer's claim of termination of liability to pay compensation presented the single issue whether or not the employe was entitled to further compensation. It was to determine this question that a hearing was had. The proceedings and decision were responsive to § 4295 as it was prior to the amendment. There was a hearing of the claims of the parties on the merits before the referee. The finding that the employer was liable for compensation for a definite period, which included additional compensation, and that the employe had fully recovered at the end of the period for which compensation was awarded, coupled with the allowances, quite definitely determined the employe's right to compensation. The award to the employe of an additional week's compensation and allowances for medicine and his doctor was an "award for such further amount of compensation to be paid by the employer, if any, as may be due and payable." Under § 4295 the award thus made terminated the right to compensation. Nadeau v. Cameron Joyce Co. 194 Minn. 285, 260 N. W. 213; Falconer v. Central Lbr. Co. 193 Minn. 560, 259 N. W. 62. The termination of the right to compensation being final under § 4295 prior to the amendment so as to prevent a rehearing and

redetermination of the matter, the commission was without jurisdiction to grant a rehearing.

Our conclusion is that the decision of the commission of June 6, 1932, definitely determined the amount due to the employe and terminated his right to further compensation. Under the law as it was when the decision was rendered, the employe was not entitled to a rehearing. He is not entitled to a rehearing under the 1933 amendment. Hence there must be an affirmance.

Writ discharged and order affirmed.