## PAUL N. CONNORS (CONNER) v. UNITED METAL PRODUCTS COMPANY AND ANOTHER.[1]

January 24, 1941.

No. 32,608.

*Cummins & Cummins* and *Victor J. Michaelson,* for appellant.
*Sexton, Mordaunt, Kennedy & Carroll,* for respondents.

STONE, JUSTICE.

In April of 1934, plaintiff sustained an injury compensable under the workmen's compensation act. Defendants, employer and insurer, acknowledged liability and for long paid weekly compensation, plus a substantial bill for medical and hospital expense. October 30, 1935, defendants, asserting that plaintiff had recovered,

[1]Reported in 296 N. W. 21.

served notice of discontinuance, and accordingly discontinued payments to plaintiff. Not satisfied, he demanded additional payments. Apparently in compromise of a disputed claim, plaintiff offered to accept additional compensation to August 1, 1936.

His proposition was accepted by defendants. Formally, they sought and secured approval of the settlement by the industrial commission. Within much less than 30 days after the industrial commission made its formal award approving the settlement, the parties filed a certified copy of the award in the district court, together with a stipulation for entry of judgment thereon in favor of plaintiff and against defendants. That judgment was paid forthwith, and plaintiff satisfied it of record. Notwithstanding all that but not until February, 1940, plaintiff filed his motion to vacate "the judgment and the satisfaction thereof" upon grounds hereinafter considered. From the order denying that motion, plaintiff appeals.

■ The first claim for plaintiff is that the stipulation for judgment was procured by "fraud and misrepresentation." The record makes the issue of misrepresentation one of fact, and largely a matter of credibility. The evidence for defendants, if true, and it was so considered below, well sustains the conclusion that neither fraud nor misrepresentation was practiced by defendants and that on plaintiff's part there was no mistake of the sort required as ground for vacating a judgment. One trouble with this phase of plaintiff's case is that some of his own evidence is open to serious question.

■ It is argued next that the stipulation for judgment was without consideration and therefore not enforceable as a contract. It might be enough of answer to say that there is evidence which could have been considered below as sufficient to show the compromise of a disputed claim. If so, valuable consideration was present. Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9. That aside, consideration is not essential to the validity of a stipulation in judicial proceedings. Restatement, Contracts, § 94. See also its Minnesota Annotations, § 94.

■ The matter got to the district court and went to judgment there under 1 Mason Minn. St. 1927, § 4318. That section provides that "on at least thirty days' default in the payment of compensation due under any award" the employe or dependents entitled to payment may file a certified copy of the award with the district court and, on ten days' notice in writing to the adverse parties, apply for judgment on the award.

There is no merit in the argument for plaintiff that, because the parties did not await default under the award and then postpone action for 30 days longer, the district court was without jurisdiction. The provision concerning the 30 days' default is one that could be waived and in this case was waived by the defendants, just as the related requirement of ten days' notice before application for entry of judgment on the award was waived in Maffett v. Citizens Bank, 198 Minn. 480, 485, 270 N. W. 596. The subject matter being within the broad, general jurisdiction of the district court, all that was needed in addition was its submission by the parties. That submission accompanied by their general appearance gave the court all the jurisdiction of persons and subject matter it needed in order to render the judgment.

Quite irrelevant are the cases cited by plaintiff concerning jurisdiction of the federal district courts. They are courts of limited jurisdiction. The presence of their jurisdiction must always affirmatively appear from the record. It cannot be conferred by consent of the parties, if otherwise nonexistent.

Order affirmed.