ALEIDUS H. VIETOR v. JOHN COSTELLO, SR.
AND ANOTHER.[1]

May 27, 1938.

No. 31,571.

[1]Reported in 279 N. W. 743.

*Peterson, Mogren & O'Donnell,* for appellant.
*G. P. Mahoney,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from a judgment entered upon a verdict for defendants. The action was brought by plaintiff as special administrator of the estate of his minor son, five years and four months of age at the time of the fatal accident hereafter to be related. The cause of action is founded upon alleged negligence on the part of the driver of defendants' truck. The defense is the general issue, also that plaintiff's intestate came to his death solely due to his own negligence which directly contributed to the accident.

The accident took place at or near the intersection of Randolph and Victoria streets in St. Paul on September 6, 1934. There is a brick building fronting on Randolph street at the southwesterly corner of the intersection. There are three stores or places of business in the mentioned building, a grocery store, butcher shop, and drug store. The structure is erected up to the sidewalk line at the mentioned corner. Plaintiff, father of the boy, lives directly

across the street to the north, that is, the northwesterly corner of the intersection. Randolph street is paved, 40 feet in width between curbs, and carries a double set of streetcar tracks. On a bright and clear afternoon defendants' truck was being operated easterly upon Randolph street straddling the southerly rail of the streetcar track on that side of the street, there being two automobiles parked at the southerly curb directly in front of the butcher shop, which is located in the center part of the building. The boy came out of the butcher shop, ran a short distance easterly on the sidewalk, and then cut into the street at an angle in front of one of the parked automobiles. He ran rapidly for a boy of his age, and the driver of the truck did not see him until he was within two feet of the front of the vehicle. He immediately swung his truck to the left, seeking to avoid hitting the boy, but failed, the right front fender striking the boy and throwing him forward some ten feet. Application of well-functioning brakes indicated that the car had slid forward some 13 to 17 feet. The heavy rear truck wheels, however, had not passed over the boy's body although the rear wheels were within a very short distance of his head when the truck came to rest.

The trial was held at Grand Rapids before an experienced trial judge. The record bespeaks a carefully conducted and entirely fair and orderly trial. The jury returned a verdict for defendants, adding thereto these significant words: "Not guilty of any negligence." The court asked the jury whether they intended by these words to say that there was no negligence or that plaintiff was not entitled to damages. He sent the jury back under instructions that if they found that there was no negligence on the part of defendants all they had to do was to return a verdict to that effect. The jury came back, however, in a few minutes with a new verdict in which they had written the same language in addition to the general verdict, the form for which had been prepared for their use with other appropriate forms. The court again stated to the jury: "I don't really understand why you want to write anything in that verdict, because I told you that if you found he [the driver of the

truck] was not negligent the verdict as I had given it to you would be sufficient, but there is writing in here expressing your determination that the driver of the truck was not guilty of any negligence. Is that right? The foreman: Yes." So it is obvious that the jury were set in their opinion that the driver of the truck was not to be blamed. This we think is a very significant feature that neither the trial court nor we should overlook.

Plaintiff assigns several errors, most of which are entirely inadequate to raise an issue on appeal. Thus we find as assigned error that the court failed: (1) "to charge properly as to proximate cause"; (2) erred "in its charge as to the emergency rule"; (3) "in failure to instruct the jury as to the law of the road with relation to driving to the right of the center of the highway"; (4) and "in denying plaintiff's motions for a new trial based upon errors occurring at the trial of said action."

■ Surely experienced counsel for plaintiff must know that these assignments are entirely inadequate. The rule is that the particular instruction must be pointed out in the assignment. A single assignment as to several different parts of the charge, relating to entirely different and distinct propositions, is unavailing. Good practice requires that alleged erroneous instructions should be given *in haec verba,* and there should be a separate assignment as to each instruction claimed to be erroneous. (It is not amiss to add, however, that upon careful review of the record we fail to find anything requiring a finding here of reversible error.) The cases are cited under 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 364.

■ It is claimed that the court erred in failing to instruct the jury that the defendants were guilty of negligence as a matter of law in that the driver of the truck was proceeding "at a speed greater than was reasonable and proper under the circumstances." We fail to find any justification for this claim. The court carefully instructed the jury in that behalf by submitting the applicable statutory rules. The important portion of the charge reads:

"Now, here is another provision: 'Fifteen miles an hour when approaching within fifty feet and in crossing an intersection of

highways when the driver's view is obstructed' is considered to be greater than is reasonable under the circumstances. And that may be considered by you in determining, if you find that Mr. Connoll was driving at a rate of speed in excess of 15 miles an hour and this crossing that he was approaching was obstructed so that at the time he approached it and for the last 50 feet of his approach he did not have a clear and unobstructed view of such intersection and of the traffic upon all the highways entering such intersection for a distance of 200 feet. That is a rule of the road that I think is applicable to this case."

■ It is next claimed that the court erred "in failing to instruct the jury that no negligence was attributable to plaintiff's intestate." It is difficult to find error here. Defendants had pleaded contributory negligence, and the court refused to submit that issue, evidently because it was of opinion the child was too young to be chargeable therewith. Surely plaintiff cannot complain on that account. Obviously the only issue on the question of liability for the jury to determine was whether there was negligence on the part of the operator of the truck proximately causing the accident.

The testimony of the driver and his wife, who was sitting beside him, is apparently candid and free from bias. Neither of them was a party to the action. Their testimony is that the child darted suddenly "right in front of the truck" and was only about two feet away from the front of it when they saw him in the street, and then the driver swung to the left to avoid hitting him. We think there was ample room for the jury's conclusion that the driver was "not guilty of any negligence."

■ "Plaintiff's main contention in this case is that the court erred in denying his motion for a new trial on newly discovered evidence." This quotation from counsel's brief really represents the nub on this appeal; and to this they have devoted the greater portion of their brief as well as their oral argument. A careful review of the proffered affidavits leaves no doubt in our minds that the only question presented is whether the court exercised judicial discretion in denying the motion. We have said in numerous cases

that the granting of a new trial upon the mentioned basis rests largely in the discretion of the trial court, a discretion that should be exercised with extreme caution. The rule is aptly stated in Krahn v. J. L. Owens Co. 138 Minn. 374, 375-376, 165 N. W. 129, 130:

"Courts are justly cautious in granting new trials on this ground. If the new evidence is doubtful in character, not so material as to make probable a different result on a new trial, or merely cumulative or impeaching, relief will be denied, nor will relief be granted, even though very material facts have been brought to light, if they could, by the exercise of proper diligence, have been discovered and presented on the first trial."

"Public policy demands that new trials should not be freely granted on this ground. They should be granted only to prevent manifest and grave injustice." 5 Dunnell, Minn. Dig. (2 ed.) § 7123, and cases under note 32.

■ "The inquiry of the appellate court is not whether upon the record a new trial apparently might have been properly granted, but whether the refusal of it involved the violation of a clear legal right or a manifest abuse of judicial discretion." 5 Dunnell, Minn. Dig. (2 ed.) § 7125, and cases under note 34.

Tested by the foregoing well known rules, we find no difficulty in reaching the conclusion that the trial court properly exercised judicial discretion.

The judgment is affirmed.