## STATE v. MELFORD BERGESON.[1]

June 3, 1938.

No. 31,697.

*C. J. Laurisch* and *Josiah A. Baker*, for appellant.
*Elmer R. Peterson*, County Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant was convicted by a verdict of the jury of being the father of an illegitimate child born to the complaining witness. His motion for new trial was denied, and he appeals.

Complainant and defendant had been "going together" for something over a year. He had during that period taken her out to dances, parties, and other forms of entertainment. On the afternoon of June 13, 1936, they went to Albert Lea, such is her claim, and in this she is supported by the testimony of three other disinterested witnesses. It was on the evening of that day that the act took place out of which the present proceeding sprang. Defendant relies upon an alibi, claiming that he was not with her at all on that day or evening but that he was with her on Sunday, June 14. The fight below centered around these conflicting claims. We can see no need of further reciting the facts, as at most all that

[1]Reported in 279 N. W. 837.

can be said for defendant is that a fact issue was presented. This having been resolved against him by the triers of fact upon not only adequate but ample evidence and the verdict having the approval of the trial court, we can see no need of further stressing this feature.

Defendant's principal argument relates to the claimed error of the court in denying him a new trial on the ground of newly discovered evidence. We have read the supporting affidavits, including as well the record of the proceedings had at the trial. On the subject of defendant's absence from Albert Lea on the date claimed he was supported by four other witnesses. The new evidence is purely cumulative; there is nothing new about it. Further to be noted, this matter was first heard before a justice of the peace on April 9, 1937. It was tried before a jury in the district court on May 14, 1937. The testimony of the girl was consistent throughout, i. e., that the sexual act took place on the evening of June 13, 1936. The child was born March 11, 1937. She testified that her last menstrual period was on June 10. It will thus be seen that defendant knew exactly what to meet when the preliminary hearing had been held. He cannot now claim surprise; nor ought his counsel. Upon this record it is difficult to see how the jury could do otherwise than it did.

On the subject of new trials for newly discovered evidence we have repeatedly said, and we had occasion recently to repeat it in Vietor v. Costello, 203 Minn. 41, 279 N. W. 743:

"If the new evidence is doubtful in character, not so material as to make probable a different result on a new trial, or merely cumulative or impeaching, relief will be denied, *nor will relief be granted, even though very material facts have been brought to light, if they could, by the exercise of proper diligence, have been discovered and presented on the first trial.*" (Italics supplied.)

Diligence here is wholly lacking.

Order affirmed.