STATE v. ALLIE TURNER.
STATE v. ELLA POULLAINE.[1]

March 28, 1941.

No. 32,646.

*Buckley & Tupper,* for appellants.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

PER CURIAM.

Defendant Allie Turner was found guilty in the municipal court of the city of Minneapolis on a charge of being found in a disorderly house in violation of the city ordinance. Defendant Ella Poullaine was convicted of being a common prostitute in violation of a separate city ordinance. The cases were consolidated for trial. Each defendant moved for a new trial on the ground that her conviction was not sustained by the evidence. Defendant Turner included in her motion the additional ground of newly discovered evidence. These appeals are from orders denying each defendant's motion and from the judgments of conviction.

[1]Reported in 297 N. W. 108.

No purpose would be served in relating the sordid details referred to in the record. It is sufficient to say that we have examined the testimony and found it ample to sustain the conviction in each case. State v. Burke, 187 Minn. 336, 245 N. W. 153.

Defendant Allie Turner includes in her motion the additional ground of newly discovered evidence. This evidence consists of photographs of the house which she frequented and in which defendant Poullaine was apprehended. The newly discovered evidence is of such doubtful character as to make improbable a different result on a new trial. Public policy demands that new trials should not be too frequently granted on the ground of newly discovered evidence. Courts are cautious in granting them on this ground, and if the new evidence is doubtful in character and not so material as to make probable a different result on a new trial, relief on this ground will be denied. Vietor v. Costello, 203 Minn. 41, 279 N. W. 743.

The orders and judgments appealed from are affirmed.