**STATE of Minnesota, Respondent,**

v.

**Curtis BAUGH, Appellant.**

**No. 81–73.**

Supreme Court of Minnesota.

Aug. 31, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Richard Osborne, and Anne E. Peek, Asst. County Attys., Beverly J. Wolfe, Minneapolis, for respondent.

KELLEY, Justice.

Petitioner, who is serving a 20-year prison term at Stillwater for an act of criminal sexual conduct in the first degree which occurred before the Sentencing Guidelines became effective, seeks reversal of an order of the district court denying his postconviction petition for a new trial on the ground of newly discovered evidence. We affirm.

Early on April 8, 1980, in downtown Minneapolis petitioner and one Leroy Page persuaded a young woman to accompany them to Page's south Minneapolis house. Once there Page became extremely assaultive and forced the woman to have sexual intercourse with him. The victim testified at trial that petitioner aided Page in this act and that, with Page's assistance, petitioner then had intercourse with the victim himself. After the intercourse, Page continued to brutalize the victim before he finally bound her, gagged her, and blindfolded her and drove her to a north Minneapolis address, where he left her on the sidewalk.

Petitioner, feeling remorse and perhaps feeling that the victim might die, got out of the car and returned to help the victim. Page, telling petitioner that this was stupid, drove off. Petitioner untied the victim and escorted her to a bus stop, where he boarded a bus with her. The busdriver called the police, who met the bus, talked with petitioner, and called an ambulance. The victim remained hospitalized for 3 days.

When the victim told police that petitioner had been involved, the police talked with petitioner, who corroborated much of what the victim said but falsely told police that the man who assaulted the victim was one Robert Johnson. However, petitioner's mother told police that petitioner had been with Leroy Page on the day before the incident. Confronted with this, petitioner admitted that the man was Page, not Johnson.

At trial the state produced evidence that petitioner could not be eliminated as the source of semen found on the victim's clothes. Since Page had fled, the state had not been able to determine whether he could be eliminated as a source of the semen.

In his testimony petitioner corroborated much of what the victim said, but denied aiding Page in the act of penetration of the victim and denied penetrating her himself.

The jury deadlocked on the charge of aiding and abetting but found defendant guilty of sexually penetrating the victim himself.

Subsequently, Page was arrested[1] and it was determined that he too could not be

1. Page pleaded guilty to criminal sexual con- duct in the first degree pursuant to a plea

eliminated as the source of the semen. Petitioner contends that this evidence, along with testimony by Page that defendant did not participate in the sexual misconduct, constituted newly discovered evidence entitling him to a new trial.

The standard which we apply in such cases is that set forth in *State v. Bergeson*, 203 Minn. 88, 89, 279 N.W. 837, 838 (1938):

> "If the new evidence is doubtful in character, not so material as to make probable a different result on a new trial, or merely cumulative or impeaching, relief will be denied, nor will relief be granted, even though very material facts have been brought to light, if they could, by the exercise of proper diligence, have been discovered and presented on the first trial." (Emphasis omitted.)

*See also Martin v. State*, 295 N.W.2d 76, 78 (Minn.1980), and *State v. Meldahl*, 310 Minn. 136, 245 N.W.2d 252 (1976).

 The evidence that Page also could not be eliminated as the source of the semen, if anything, would have aided the prosecutor, since it was the prosecutor's contention, based on the testimony of the victim, that both defendant and Page had had sexual intercourse with the victim. Page's testimony is doubtful and easily impeachable, given Page's friendship with defendant and his extensive criminal record. Applying the standard articulated in *Bergeson*, we conclude that the postconviction court properly refused to grant petitioner a new trial on this ground.

Affirmed.

agreement and received a non-Guidelines sentence of 54 months in prison. Thereafter, he was convicted in Nebraska of a serious assault and sentenced to a concurrent 1- to 4-year prison term.