**In the Matter of the WELFARE OF B.D.O.**

**No. C0–89–1242.**

Court of Appeals of Minnesota.

Jan. 16, 1990.

**164**

Jeanne E. Kass, Oakdale, for appellant.

Patrick C. Courtney, Asst. Washington County Atty., Stillwater, for respondent.

Heard, considered and decided by KLAPHAKE, P.J., and PARKER and FOLEY, JJ.

## OPINION

KLAPHAKE, Judge.

The trial court found B.D.O. had committed acts which constitute criminal sexual conduct in the second degree and adjudicated the juvenile delinquent. B.D.O.'s motion for a new trial based on newly discovered evidence was denied. B.D.O. appeals. We affirm.

## FACTS

On December 6, 1988, the victim, N.A.F., told one of her teachers she had been sexually abused sometime in the spring of 1988. At the time of the incident, N.A.F. was eight years old. County child protection services were notified and on December 8, 1988, the police department was requested to investigate the allegations. On December 9, 16, 22, and 27, N.A.F. was interviewed by a police officer. N.A.F. stated that B.D.O. had approached her in the playground area and pulled her into a weeded area and touched her private parts. After the incident, N.A.F. noticed B.D.O. go in the direction of his house.

The trial court found certain discrepancies in N.A.F.'s testimony and interviews to be factually insignificant. These discrepancies included N.A.F. telling a friend that B.D.O. made her strip, the length of B.D.O.'s hair, and the kind of jacket B.D.O. wore during the incident. The court also found N.A.F.'s testimony to be credible and incapable of fabrication and further found B.D.O.'s testimony to lack credibility.

B.D.O.'s defense at trial challenged the accuracy of N.A.F.'s identification. However, the trial court found that:

As the assailant pushed [N.A.F.] down on her back, he became positioned such that she could view his face. [N.A.F.] recognized the assailant as a boy who lived in the neighborhood known to her as [B.D.O.].

The trial court also determined N.A.F. knew B.D.O. because he was pointed out to her by friends and had seen B.D.O. in the back yard of his home. N.A.F. identified B.D.O. in a photo line-up and in open court as her assailant. Moreover, N.A.F. stated that B.D.O. was in the apartment complex on one occasion talking with a little boy who resided in a nearby apartment.

On January 20, 1989, the trial court found B.D.O. had committed acts constituting criminal sexual conduct in the second degree and entered an order adjudicating

B.D.O. delinquent. Within 90 days of the order adjudicating B.D.O. delinquent but more than 15 days after the finding, B.D.O. moved for a new trial based on newly discovered evidence.

## ISSUES

1. Did B.D.O. timely file a motion for new trial based on newly discovered evidence?

2. Did the trial court abuse its discretion by denying B.D.O.'s motion for a new trial?

## ANALYSIS

1. *Timeliness.*

■  Rule 28.01, subd. 3, of the Minnesota Rules of Juvenile Procedure provides that:

Notice of a motion for a new trial shall be served pursuant to Rule 9 within fifteen (15) days after the finding that the allegations of the petition are proved.

Minn.Stat. § 260.281 (1986) states:

A child whose status has been *adjudicated* by a juvenile court, or the child's parent, guardian, custodian or spouse may, at any time within 90 days of the filing of the court's order, petition the court for a rehearing on the ground that new evidence has been discovered affecting the advisability of the court's original adjudication or disposition. (emphasis added.)

The juvenile rules reference the date the petition is found to have been proved. Conversely, Minn.Stat. § 260.281 references the date the juvenile has been adjudicated delinquent. Pursuant to the statute, a juvenile seeking a rehearing based upon newly discovered evidence must do so within 90 days of the filing of the order adjudicating delinquency. A motion for a new trial on other grounds must be brought within 15 days after the Court finds that the allegations of the petition are proved. Since B.D.O. brought the motion for new trial within 90 days of the adjudication of delinquency, the motion was timely.

2. *Motion for New Trial.*

■  The trial court's determination of whether to grant a new trial based on newly discovered evidence lies within its discretion. *State v. Thompson*, 273 Minn. 1, 139 N.W.2d 490 (1966), *cert. denied*, 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966). The standard to be applied when evaluating whether a new trial should be granted is:

If the new evidence is doubtful in character, not so material as to make probable a different result on a new trial, or merely cumulative or impeaching, relief will be denied, nor will relief be granted, even though very material facts have been brought to light, if they could, by the exercise of proper diligence, have been discovered and presented on the first trial.

*State v. Bergeson*, 203 Minn. 88, 89, 279 N.W. 837, 838 (1938) *quoted in Martin v. State*, 295 N.W.2d 76, 78 (Minn.1980).

After B.D.O. was adjudicated delinquent, a private investigator was retained. The investigator interviewed a number of individuals who provided information which could have been used to impeach N.A.F. The trial court concluded that all of the individuals spoken to by the private investigator were available at the time of trial and that none of the evidence obtained by the investigator came from individuals who were either in hiding or who were attempting to conceal their presence. We agree. The name and address of J.F., who B.D.O. argues could not have been discovered prior to trial, was revealed in a police report describing an interview with N.A.F. The police report was attached to the petition and served on B.D.O. B.D.O. also argues that information given to the investigator from another family could not have been obtained since there was no reason to believe the testimony would differ from that contained in the police report. However, the family was identified in the statements of N.A.F. and an apartment number for the family was given. Finally, information obtained from N.A.F.'s mother was available by cross examination of her at the trial.

The record adequately discloses that with diligence the information obtained after tri-

al could have been discovered before trial. Nothing in the record demonstrates the unavailability of any of the interviewed witnesses.

Moreover, B.D.O.'s contention that justice requires a new trial is without merit. The information obtained by the private investigator merely impeaches N.A.F.'s identification of B.D.O., which is not grounds for a new trial. *Martin*, 295 N.W.2d at 79.

### DECISION

B.D.O. timely filed a motion for new trial. The information produced after B.D.O.'s trial could have, with due diligence, been uncovered prior to trial. Accordingly, the trial court did not abuse its discretion in denying a new trial.

Affirmed.